By the Court

Lumpkin, C. J.,
delivering the opinion.
Fully concurring, as we do, with our brother Clark in the construction put upon the will of James K. Daniel, and in the direction given by his decree to the future administration of the estate, we cheerfully adopt his clear and well considered opinion as our own, and make it the judgment of this Court:
“ The testator directs, by the second clause of his will, that his property, except the specific legacy to his widow, ‘be kept together, under the direction of my executrix and executor, until my oldest child arrives at the age of twenty-one years. During *34 that time, my wife and children to receive a joint support out of the income arising from the same.’ By the fourth item, he directs that ‘any surplus of income that may remain from year to year, after providing for the support of my family and education of my children, be invested in certain property therein named, for the benefit of my wife and children, as hereinbefore stated.’
“It is clear, from these clauses, that no legacy vests at the death of the testator, except that to Mrs. Daniel, which is not, in any manner, in controversy. There is no absolute, present gift of the oorpus, nor of the income, in such manner as to carry the corpus with it, for the income is to be applied to the maintenance and education of the family, and the surplus is bequeathed as the lands, negroes, etc., are. When, then, does the property for the first time vest? This is answered by the language of the will already quoted, which is equivalent to saying it shall first vest when my oldest son, or if my oldest son, attains the age of twenty-one years, and as further qualified by the terms of the third clause, which says it shall then be divided ‘ between my wife and such of my children as may then be living, each to have an equal share, and the child or children of any deceased child to represent and receive the share of such deceased child.’ The clause last quoted still stronger manifests the intention of the testator, that his oldest boy must arrive at twenty-one before his legacy became vested, because if not in life at that time, nor having a child or children surviving him, his share remained with the estate, and the younger children who then might not be in life, took no interest whatever in the share intended for the oldest. This intention of the testator is nearly everywhere apparent in his will. If we consider it settled that the oldest child must arrive at the age of twenty-one years before his legacy vests, then the question arises, is the legacy of the younger children subject to the same contingency? If the testator hah, in so many words, so declared, that must determine the question propounded affirmatively. I maintain that he has so said in the latter clause of the third item. This says that ‘after the oldest son’s share has been set apart to him, all the remainder of the shares, and the entire estate, not given over to such child *35 then arrived at the full age, to be kept together for the benefit of my wife and the minor children, a new division to be made as each child shall arrive at the full age of twenty-one, as herein-before stated’ How, then, and on what terms was the division made in favor of the oldest child ? How is it ‘ hereinbefore stated?5 As before stated, the legacy of the oldest child was contingent upon his arrival at the age of twenty-one years, and upon the happening of that contingency, a division is to be made that he may receive that legacy. That is the manner of vesting and dividing 'hereinbefore stated,5 and which is made applicable to the legacies of the younger children. This will be made more apparent by an examination into the intention of the testator, to be drawn from the whole will.
“The testator evidently believed it to be the interest of those who had claims on his bounty not to give the property until a necessity should arise for it. That necessity was the arrival of a child at full age, when he, by the law, enters for the first time upon the business of life. If that necessity should never arrive, he desired not to give, and, therefore, not to divide his property, but to keep it together for the benefit of his wife and children, and thus keeping together to be disturbed only upon the happening of the contingency mentioned. If this was his motive— his purpose — it would destroy it completely to make the gift take effect in favor of a younger child if not in life at the time he should be twenty-one years of age, and thus compel a division, while it is made necessary that the oldest should arrive at full age. At the death of the oldest, only those of his other children were to share in the divisions (as qualified by the testator,) 'who might then be living,’ while in the case of the younger, if, as to them, the legacies are to be treated as vested, the property must be divided at the time when each would arrive at twenty-one, even though then not in being, and the share of each would be withdrawn from the estate to go to the next of kin, whoever they might be, or to pass into stranger hands, perhaps, by the wills the legatees might make and leave. Such is not the ' manner5 in which the testator has disposed of his property, as defined by the terms ' hereinbefore stated.5 It is also palpable that the testator’s wife, as well as (if not more strongly than) *36 bis children, was the object of his solicitude. She is to derive all the benefit possible in the way of support from his plantation and negroes, so long as kept together, and upon every division she is to be counted as one of the legatees or distributees. To withdraw from the estate the portion of a child who had died before attaining majority, would be to deprive the widow of any possible future participation in the income of the property so drawn off, or any interest in the corpus at the final division. At the time of making testator’s will, at the time of his death, and now, the statutes of the State of Georgia provide that if a widow having children marries, and one of her children dies, leaving an estate, she has no distributive share unless the deceased is the 'last and only child.’
“The testator placed no restrictions on his wife in regard to marriage, thus evincing an intent to give her every benefit from his property he gave his children. The effect of determining that the interest of the second son was a vested interest, and consequently the same of the other two children, would be, in each and every such case, to divide the property between the children to the exclusion of the mother, an event the testator never intended or contemplated, and is in direct conflict with the general scope and tenor of his will.
“It is argued, that because the testator designates the interest of each at the first division, as distinct 'shares,’ that he designed the interest of all the children to vest at his death, except that of his oldest child, and that as to them, he merely postponed the payment until they should attain the age of twenty-one years. The simple use of such terms, if even hnexplained in the same connection, should not be so taken as to defeat a contrary general intent manifest throughout the will; but when, as here, they have a signification consistent with that interest, it is impossible to give them the effect claimed. All the children had an interest in the property to the extent of a support, and to a share therein, when they should arrive at full age. The possibility of dying before that age, is a remote contingency, and, therefore, there is nothing at variance with the view I take because the testator calls this very probable interest 'share.’ But it will be perceived that in the same connection he also *37 says, ‘all the remainders of the shares, and entire estate, not given over to such child then arrived at the full age, to be kept together for the benefit of my wife and minor children.’ The supposed or anticipated shares were to make testator’s‘entire estate,’ and to be used ‘for the benefit of his wife and minor children/ which benefit he elsewhere explains ‘as a joint support out of the income.’ He also makes provision for the disposition of the ‘surplus’ arising from such ‘use and benefit.’
“Such a disposition of the property is utterly inconsistent with the vesting of the corpus of such property. It could not remain testator’s estate, in which the legatees had rights, only to the extent of a support, and yet be, in them, a vested interest. To create a vested interest, there must be a present gift of the corpus, or of the entire profits or income thereof, and otherwise unrestricted, so as to amount to a gift of the corpus: Hanson vs. Graham, 6 Vesey, page 239. In such cases the time of payment may be postponed and the gift become a vested interest; but it must be clear that the timéis annexed to. the payment and not to the gift. If to the gift, it is a contingent and not a vested interest. Judged by this rule, the time must be annexed to the gift, for there is no gift until each child shall arrive at twenty-one years or have issue then living, and because the whole disposition of the property establishes that the testator contemplated the possibility that the gifts might, in some of the children, fail to take effect, and made his bequest so as to meet such a contingency, and not in contemplation of the contrary. The dispositions of the will arc adequate to meet the former, but not the latter contingency.
“The testator has, however, omitted to direct, in express terms, what shall be done with the property in the event that one of his children shall fail to arrive at the age of twenty-one years. While it is clear from the will that the estate does not vest until the happening of that contingency, yet there is no bequest in contemplation of it, so as the bequests can be perfect in themselves and need no aid from the rules of law. Nevertheless, he has certainly disposed of his whole property by will, in so much that it isaZZ'to be ‘kept together’ from time to time, until the youngest child becomes of age. He cannot be said to *38 have died intestate as to this property, or that it is, strictly speaking, a lapsed legacy, entirely unprovided for by the will. It is an interest that all his heirs-at-law are entitled to, so far as' consistent icith the mil.
“To accomplish this, and at the same time carry out the will, I decree that the oldest child, (son) H. K. Daniel, shall have the one-fourth of what would have been his deceased brother’s share, and that the remaining three-fourths continue with the executor, subject to division, under the provisions of the will, when the next child arrives at full age. Any other decree will produce gross inequality and defeat the apparent intent of the testator. If I decide the interest under consideration a vested one, the children will divide it to the exclusion of the mother. If I decide that H. K. Daniel had no further possible interest in his father’s estate, after Ire had drawn out his share, this would give the other legatees a great advantage over him in ease one or more of the younger children should not live to take their legacy. This construction might result in concentrating the remaining property upon only one of the legatees.' The decree which I make will do justice to all the legatees, and will serve as a rule of construction throughout the administration of the estate, and conform to the testator’s intentions.
“Richard II. Clark, Judge S. C., S. C.”
Let the judgment and decree be affirmed.