THOMAS S. ALLEN, adm'r of ALVIRA A. C. ALLEN, plaintiff in error, vs. JARED I. WHITAKER, defendant in error.

A bequest to A. *at* the death of the wife of testator, or *when* A. marries or *becomes* of age is a contingent interest, dependent for its transmission to A.'s representatives, upon her being in life at the happening of some one of the named contingencies. If she dies before that time, (as the legatee did in this case,) there is nothing in her to pass to her administrator.

Trover in Fulton Superior Court. Tried before Judge BIGHAM, April Term, 1864.

The bill of exceptions in this case was returned to the last July Term of the Supreme Court at Atlanta. Upon consent of counsel for both parties, the Court ordered it to stand over for argument and decision at this present Term at Milledgeville.

The action was Trover for two negroes, and the plaintiff's title depended upon the will of William Allen, of Elbert county, who died in 1826. The bequest to the plaintiff's intestate was in these words :

"I give and bequeath to my beloved grand-daughter, Alvira A. C. Allen, one negro girl Mary and her increase, at the death of my wife, or when she marries or becomes twenty one years of age, to her and her heirs forever."

The negroes in controversy are the increase of the girl Mary here mentioned.

Alvira A. C. Allen, the legatee, died subsequently to the testator, unmarried, and in the tenth year of her age. The testator's wife survived her, but died prior to the institution of this suit.

At the trial, all material facts extrinsic to the will being agreed upon by the parties, the Court charged the Jury, that the will conveyed no title to the plaintiff's intestate, because of her death before any of the contingencies specified in this bequest had occurred. This charge was excepted to, and is the sole error complained of.

William Allen's testamentary scheme, as exhibited by the whole will, forms a proper supplement to the foregoing statement of the case.

His property consisted of land, negroes, stock, plantation and blacksmith tools, cotton-gin, stills, money, credits, and household and kitchen furniture.

The chief objects of his bounty were his wife, six living children, (three sons and three daughters,) and the family of a deceased daughter. To these specific legacies were given as follows : To the wife, five negroes, the cotton-gin, the stills, and the plantation and blacksmith tools; to two of the sons, some land and four negroes each; to the third son, three negroes; to the daughters, a tract of land and three negroes each ; and to the family of the deceased daughter, a tract of land and four negroes. The wife's legacy was augmented by an estate for her life in eight other negroes, all described by name ; in the homestead and all other lands not otherwise disposed of; in the stock, the household and kitchen furniture, and, after the payment of debts, in the money and credits. The remainder in the homestead and in these other lands was given to the three sons ; the remainder in three of the eight negroes was given to the daughters ; the remainder in the stock, and in all the negroes bequeathed to the wife for life, and not otherwise disposed of, was given to the sons and daughters equally; and the remainder in the household and kitchen furniture, was given to the sons, the daughters, and the family of the deceased daughter. Of the remainder in the money and credits, no mention was made. The executors were instructed by the will to dispose as favorably as they could, at the wife's death, of a particular negro, one of the eight given to her for life. Most probably this was an aged or infirm negro, regarded as an incumbrance rather than as an object of value.

There were but two other bequests : one to the plaintiff's intestate, which has been fully transcribed in the statement above ; the other to a female minor, not bearing the testator's name, nor so far as appears, related to him, but apparently

an inmate of his family: to her was given a clear mainte-
nance during minority, provided she remained with the tes-
tator's wife; also, a particular feather bed, and a cow and
calf; also, when she should marry or arrive at twenty-one
years of age, a horse, saddle and bridle, (the horse to come
out of the life estate left to the wife;) also, at the death of
the wife, or when the legatee should marry or become twenty-
one years of age, a certain negro girl—the girl and the horse
both to return to the testator's estate, in case the legatee
should die without a lawful heir begotten of her body. Neither
this girl, nor that bequeathed to the plaintiff's intestate,
was one of the eight negroes expressly given to the wife for
life; and the will contained no residuary or other clause which
has not been noticed.

N. J. Hammond, for plaintiff in error.

Bleckley, for defendant.

Lyon, J.

The only question in this case depends upon the construc-
tion to be given to the 11th item of William Allen's will,
which item is as follows:

"I give and bequeath to my beloved grand-daughter,
Alvira A. C. Allen, one negro girl Mary and her increase,
at the death of my wife, or when she marries or becomes
twenty-one years of age, to her and her heirs forever."

The legate died before the happening of either contin-
gency.

Did this legacy create a vested, or a contingent interest de-
pending upon the happening of one of the three contin-
gencies?

The rule in such cases, as stated in 2 *Fearne on Rem.*,
sec. 285, is this: "Where real or personal estate is devised or
bequeathed to a person when, or as soon as he shall attain a
given age, or when an event shall happen, which may never

occur at all, or at, or upon, or from and after his attaining such age, or the happening of such event, and there are no other words indicative of an intent to confer a vested interest, and nothing in the form of the limitation itself, to indicate an intent merely to delay the vesting in possession or enjoyment, and no disposition of the intermediate income; in such case the interest of the devisee, or legatee, will be contingent until he attains the age specified, or the event described has happened. For, although in this case the person is ascertained, yet the property is only given to him at a future period, which may never arrive; and the gift can no more attach upon him before that period than if the testator, continuing to live, were to defer to make any devise or bequest till such period had actually arrived." The cases referred to in support of the principle thus stated are *Onslow vs. South*, 1 Eq. ca. ab. 295 pl.6. *Cruse vs Barly* 3 P. W. 20. 1 *Roper Leg.* 489. *Judd vs. Judd*, 3 *Sim.* 525. *Hunter vs. Judd*, 4 *Sim.* 455.

" A leading distinction," says 1 *Jar.* on *Wills*, 760, " is, that if futurity is annexed to the *substance* of the gift, the vesting is suspended ; but if it appears to relate to the time of payment only, the legacy vests instanter." If the words " payable " or " to be paid " are omitted, and the legacy is given *at* twenty-one, or *if, when, in case*, or *provided*, the legatee attains twenty-one, or any other future definite period, this confers on him a contingent interest, which depends upon its vesting and its transmissibility to his representatives, on his being alive at the time specified."—*Perkins*, note 21 to above text from *Jarman*, and cases cited. This principle has been fully recognized by this Court in the cases of *Cogburn vs. Ogleby*, 18 *Geo.* 58 ; *Bowman vs. Long*, 23 Geo. 242.

The gift in this case is " *at* the death of " testator's wife, or *when* she marries or *becomes* twenty-one years of age. It is to take effect in the future, and not *in presenti*. It is not the possession or enjoyment merely of the property that is postponed, but the gift itself. There is no limitation over, no trustee appointed to take charge of the property in the inte-

rim; no appropriation to her use of the income, and, in fact, nothing that the Court can lay hold of, to indicate an intention on the part of testator that the legacy should be more than he has made it, a contingent interest depending upon the legatee's being in life at the happening of some one of the specified contingencies. Having died before the happening of any one of these, she had nothing in the bequest to transmit to her representatives.