## JONES *et al. vs.* JOHNSON.

A testator executed a will whereby, after making specific bequests, he provided that the residue of his property should be equally divided, that one share should be delivered to his son on arriving at twenty-one years of age, and the other should vest in trustees for the sole and separate use of his daughter and such children as she might have, with limitation over in case she should die without leaving children or representatives of children. Subsequently the testator acquired other real estate, and his daughter also married. Thereupon he executed a codicil, by which he devised this subsequently acquired realty to his daughter and son-in-law forever, and provided that its value should be deducted from the amount which they would receive under his will. One item of the codicil was as follows: "I desire that my executors herein appointed shall sell only so much of my estate as may be necessary to pay my debts, and the balance to be divided and distributed as is herein and in my will provided and directed."

*Held*, that as to the realty disposed of by the codicil, the original testamentary scheme was so far modified that an absolute title thereto was devised to the daughter and son-in-law free from any claim on the part of their children.

. (*a.*) The will and codicil having taken effect by the death of the testator prior to the "married womens' laws," the property received under the codicil vested in the husband, and his deed thereto conveyed the entire estate.

Wills. Estates. Title. Husband and Wife. Before Judge HILLYER. Dekalb Superior Court. March Term, 1881.

Jones *et al.* brought ejectment against Johnson. Both parties claimed under Everett Sapp. In 1845 Sapp made a will, by which, after making specific bequests, he left the residue of his estate to be divided into two shares, one to go to his son, the other in trust for his daughter, Sidney Ann Elizabeth Sapp, and her children for her life, with remainder to her children. Subsequently the testator acquired the property in dispute, and his daughter married. In 1849 he made a codicil to his will, which is set forth in

the decision.   Under this, after testator's death, Jones, the husband of testator's daughter, took the land in dispute and conveyed it to defendant.   Testator's daughter died, and her children brought this suit to recover the land.   The case was submitted to the court without a jury.   He rendered a judgment for defendant.   After refusal of a new trial, plaintiffs excepted.

W. W. MONTGOMERY; Z. D. HARRISON, for plaintiffs in error.

L. J. WINN, for defendant.

JACKSON, Chief Justice.

The second item of the codicil to the will reads:  " I give and devise all the real estate which I own or may own, in and about the city of Atlanta, in this state, in Dekalb county, to the said William B. Jones and my daughter, Sidney A. E. Jones, forever, the said real estate to be valued, and the value to be deducted from the portion which they may receive, according to my said will of my estate."

The first item appointed Jones, his son-in-law, executor of his will in the place of a former executor, and the preamble to the codicil stated his desire to dispose of this property as purchased since his will was made.   The will was made in 1845, the codicil in 1849.   Between those years his daughter married, and this property in dispute was bought and devised by the testator.   The will had settled the property bequeathed in it on the daughter, and all his then estate was to be divided between his son and this daughter.   Jones sold the land sued for, and defendant has his deed.   Plaintiffs are the children of Jones, and claim under the settlement in the will, by which they were made remaindermen.   So that the question is, does the codicil give the fee to Jones, or is the bequest covered by the settlement in the will?

The testator very naturally, before the marriage of his daughter, settled the property he then gave her upon her and her children, because he did not know who would be her husband, nor did he change that settlement as to the property devised in the will proper after her marriage. But he had confidence in his son-in-law, and made him one of his executors, and gave to him and to his wife this newly purchased property forever. We think his intention was to change the terms of the gift to the daughter in the will, and to give an absolute estate to Jones and his wife. His marital rights attached to the wife's part, and his deed conveyed the entire estate.

If there were any doubt about it, the third item of the codicil would dispel it. That reads as follows: "I devise that my executors herein appointed shall sell only so much of my estate as may be necessary to pay my debts, and the balance to be divided and distributed as is herein and in my will provided and directed." As much as to say, that in the will is to follow the settlement therein provided and directed, but this late purchase is to go as herein directed. How easy to have used words to put all under the trusts of the will if such had been in the testator's mind, but some is to be distributed as the will directs and some as the codicil directs.

The devise to husband and wife forever, with the distinct reiteration that the direction in the codicil, as well as in the will, is to be obeyed and carried out by his executors, shuts out all idea that the newly acquired property, devised differently in the codicil, was to follow the trusts of the will. So that, recognizing the rules laid down in the books cited by counsel for construing the will and codicil as one instrument in its entirety, we are clear that the title is by the entire scheme put in Jones, and passed out of him into the defendant.

Judgment affirmed.

Cited for plaintiff: 9 Cush., 291; 1 Bos., N. Y., 214; 5 Johnson, 243; 15 *Ga.*, 123; 35 Penn. St., 393; 3. Grant,

169; Williams on Ex., 10, note; 1 Jarman, 168; 52 N. Y., 450; 1 Clk. and Fin., 20; 2 H. and C., 762; 2 De. G. (N. J.,) 474; 3 *Ib.*, 29; 8 Cowen, 56; 3 Saund. Ch., 111; 13 Gray, 103, 108; Williams on Ex., 1405; 3 Bro. C. C., 233; 1 Ves. Jr., 279; 6 Madd., 31; 7 Sim., 237; 4 Beav., 561; 5 *Ib.*, 289, 518; Rup. C. C., 183; 23 Beav., 336; 2 Redf., 199; 9 East, 306; 1 Gill, Md., 395; 33 *Ga.*, *Lamb vs. Girtman;* Code, §§2263–4–5; 2 Blackstone's Com., 164; 18 *Ga.*, 545; 34 *Ib.*, 6; 23 *Ib.*, 242; 2 Wash. on Real Es., 589, 591; Sup. to 33 *Ga.*, 29, 172; 6 Vesey, 239; 21 Pick., 311; 7 Cranch., 456; 53 *Ga.*, 663; 16 *Ib.*, 548; 61 *Ib.*, 77; 15 *Ib.*, 152; Dudley's R., 94; 4 Kent, 257; 34 *Ga.*, 9; 2 Wash., 591; 12 East, 89; 14 How., 488; City of Augusta *vs.* Radcliffe, 65 *Ga.;* Franke *vs.* Berkner (present term); 5 Wall., 268; 1 Blks. R. 283; H. on Trust., 746; 4 Gwin, 188; 4 Kent, 705, 346; 2 Wash., 654; Lewin, 417; 17 Ves., 308; 3 Madd., 98; 4 Md., 125; 12 Rich., 546; 9 Ser. and R., 179, 181; 18 S. C., 383; 9 Am., 26; 23 *Ga.*, 315; 52 *Ib.*, 543; 1 Jar. on W., 343 and note; 2 *Ib.*, 205, 199, 344, 354–5; 3 Mer., 156; 2 Ves. Jr., 450; 6 Madd., 31; 1 Ves. Jr., 279; 3 Bro. Ch. R., 233; 15 Eng. Ch., 817; 14 *Ib.*, 606; 64 *Ga.*, 166; 1 Y. and Col., 680; 35 *Ga.*, 151; 18 Cal., 291; 1 Red. on Wills, 288, note 8; 1 Jar., 345, 349, 351; 1 Red., 291, 353; 1 Fearne on Rem., 40; 49 *Ga.*, 397.

For defendant: 8 *Ga.*, 1; 51 *Ib.*, 139; 10 *Ib.*, 358; 40 *Ib.*, 363, 408; 41 *Ib.*, 554.