WELLS, executor, *et al. v.* ELLIS, administrator; *et vice versa.*

Nos. 11704, 11705. JUNE 17, 1937.
ADHERED TO ON REHEARING, JULY 22, 1937.

*H. A. Allen,* for Wells et al. *J. E. Thrift, B. D. Murphy,* and *Little, Powell, Reid & Goldstein,* contra.

ATKINSON, Justice. In 1903 Montgomery M. M. Wells executed his will. He died in 1910. The will contained the following provisions: "Item 2. I give all my property both real and personal to my beloved wife, Faithie E., during her life, subject to conditions in item three. Item 3. It is my will and desire that my daughters, Blanche and Agnes, have a comfortable living out of the income of the estate; and if the same is not sufficient, then they are to draw on the amount in the hands and custody of my wife to such extent as is consistent with the estate. Item 4. After the death of my said wife I desire that my property be held intact for the period of two years, and after the expiration of that time I desire that my executor or executors, as the case may be, sell at public or private sale the two lots in Bonnie Brae and the one lot in Oakland City, and after giving my beloved daughters, Blanche, Agnes, and Ester Baker, $500.00 each, the remainder of the proceeds of said sale is to be equally divided among all the children, my sons, Thomas A., James W., and Benjamin A., and Ovid M., having heretofore already received $500.00 each. Item 5. After the expiration of the two years after the death of my wife, I desire that the home place, being 200½ acres in land lot 199 of the 14th district of Fulton County, except one half acre of said property which I desire set apart by my executor or executors as the case may be for a family burying ground, and

the same to be kept up for that purpose, and being the one half acre on which my grandchildren are buried, be equally divided in regard to value among my children, Thomas A., James W., Blanche, Benjamin A., Agnes, Ovid M., and Esther Baker. The manner of division to be the one most agreeable to all the aforesaid heirs. Item 6. It is my will and desire that the money left on hand, belonging to the estate, at the death of my wife be equally divided among my children mentioned aforesaid, and the clause referring to holding the property intact for two years is not intended to refer to this particular property."

1. It was stated in *Cogburn* v. *Ogleby*, 18 *Ga.* 56, 58: "If futurity be annexed to the substance of the gift, the vesting is suspended; but if it relate to the time of payment only, the title vests instantly upon the death of the testator. (Onslow *vs.* South, 1 Eq. C. Abr. 295. Cruse *vs.* Burley, 3 P. Wm. 20. Snell *vs.* Dee, 2 Salk. 415. 1 Jarm. 760.) Thus, where property is given by will to one when he shall attain the age of twenty-one years, or at the age of twenty-one, or at the expiration of a definite period from the testator's death, or when that person or another shall marry, the vesting itself, and not merely the possession, is deferred, and a contingent interest is conveyed." See also *Allen* v. *Whitaker*, 34 *Ga.* 6; *Darnell* v. *Barlon*, 75 *Ga.* 377; *Ivey* v. *Davis*, 175 *Ga.* 607 (165 S. E. 605). Applying the above-quoted principle, items 4, 5, and 6 of the will are to be construed as creating for the daughter Agnes a contingent-remainder interest in the respective properties; and the daughter Agnes having predeceased the life-tenant, the remainder interest never became vested in her. In these circumstances the administrator of the estate of Agnes had no interest to support an action for the relief sought.

2. The judgment was erroneous in so far as it overruled the general demurrer to so much of the petition as sought to recover an interest in the realty under the will, including equitable relief.

3. The judge properly sustained the demurrer to so much of the petition as sought to recover pecuniary legacies under the will.

4. There was no error in overruling the special grounds of demurrer.

*Judgment reversed on the main bill of exceptions, and affirmed on the cross-bill. All the Justices concur, except Beck, P. J., and Hutcheson, J., who dissent, and Jenkins, J., who did not participate.*

BELL, Justice, concurring specially. I concur in the judgments, but not in the entire decision, for the following reasons: It seems to me that it is inappropriate to refer to the estates created by items 4, 5, and 6 as contingent remainders, but that instead they should be classed as gifts to become effective in the future, the title not passing in the meantime. With the exception of vesting an estate for life in the widow and burdening this estate with support of the daughters for such period, the will does not purport to dispose of the title to any portion of the estate until the times stated in items 4, 5, 6. During the interim, therefore, the title, except as to the life-estate, remained in the executors; and the gift intended for the daughter Agnes never became effective, because she died before the time of vesting. Accordingly, she left no interest in this estate to be inherited by her husband, although if this daughter had died, leaving issue, at a time referred to in the Code, § 113-812, such issue might perhaps have taken under the will in her stead.