Cogburn, adm'r, &c. *vs.* Ogleby, adm'r, &c.

No. 11.—John A. Cogburn, administrator, &c. plaintiff in error, *vs.* Hugh J. Ogleby, administrator, &c. defendant in error.

[1.] B gave all his property to his executors, for the support and maintenance of his family, in the first instance ; then directed that if either of his children (who were sons) should die after marriage, without leaving a child or children living at the time, the wife should have 500 dollars; next, he declared it his will, that as his children should marry or come of age, his executors should give off to such child such portion of his estate as he might think for the best, but that the title to such portion should not be divested from his estate, nor such child acquire any title to the same; but the property was to belong to his estate until the youngest child should marry or come of age, and then should be brought into the general fund and divided among all his children equally, share and share alike. The testator further provided, that if all his children should die without leaving children living at their death, all his property should be made a poor school fund of, for the benefit of the poor of P. County. L, a son of the testator, died after he was twenty-one, but before the youngest son had married or was of age. On this state of facts: *Held*, that the administrator of L could recover no portion of the *corpus* of his share, but that the same vested in the survivors of B's children, when the youngest married or came of age.

In Equity, in Morgan Superior Court. Decision on demurrer, by Judge Hardeman, September Term, 1855.

The will of George L. Bird provided as follows:

"*Item 1st.* I will and desire that all my property, both real and personal, should be kept together, under the management and control of my executors, to be hereafter named, for the support and education of my family.

*Item 2d.* I give to my executor the privilege of selling such part of my estate as may seem best to him, either for the payment of my debts or for the better management of my estate.

*Item 3d.* Should my wife Phebe marry, it is my will that my executor shall furnish her with a genteel and comfortable support out of my property during her life.

Cogburn, adm'r, &c. *vs.* Ogleby, adm'r, &c.

*Item 4th.* It is my will, should any of my children die after marriage, and without leaving any child or children born of said marriage, living at the time of said child's death, then, that the wife of such child shall receive five hundred dollars from my estate, and no more.

*Item 5th.* It is my will, that as my children should marry or become of age, my executor shall give off such child such portion of my estate as he may think for the best, for the purpose of managing, and controlling, and deriving the profits or increase to himself. But the title to such property shall not be divested from my executor, nor such child acquire any title to the same. But said property shall belong to my estate until the youngest child shall marry or become of age, and then shall be brought into the general fund, to be divided among all my children equally, share and share alike.

*Item 6th.* My farther will and desire is, that should all my children die without leaving children living at the time of their death, all my property shall be made a poor school fund, "for the benefit of Putnam County." Wm. B. Carter was appointed executor.

The executor refused to qualify, and an administrator, with the will annexed, was appointed. Lorenzo Bird, one of the children, after his arrival at age, continued to live with the family until he died, which was before the youngest child married or arrived at age.

John A. Cogburn. as the administrator of Lorenzo Bird, filed a bill against the administrator *de bonis non*, of George L. Bird, alleging that Lorenzo Bird contracted a great many debts, and that he had no property to pay except his interest in this estate, and praying an account for his equal share of the rents, issues and profits of said estate, up to the time that the youngest child arrived at age or married; and that his share of the *corpus* of said estate be decreed to his administrator, upon the final distribution.

Upon demurrer, the Court held, that under the will of George L. Bird no interest in the *corpus* of the estate vested in Lorenzo Bird, until the time of final distribution; and that Lorenzo having departed this life before the time for that distribution, his administrator could recover no part of the *corpus* of the estate.

This decision is assigned as error.

J. WINGFIELD; T. R. R. COBB, for plaintiff in error.

J. HILL; CONE, for defendant in error.

*By the Court.*—STARNES, J. delivering the opinion.

The question raised by this record is, whether the interest, by the will of George L. Bird, conveyed to his son Lorenzo, was intended to vest in the latter at the death of the testator; or not until the youngest of his children should arrive at age or marry? That is to say: whether the words of this will postponed the vesting of Lorenzo's share until the happening of one of the things just stated, and thus made the bequest contingent and dependent upon this event for its consummation; or whether they postponed the possession merely until that time, but conveyed a vested interest at the death of the testator?

In the former case, the share of Lorenzo may pass to the survivor of George L. Bird's children. In the latter, it must go to his administrator, and is subject to the payment of his debts.

The proper rule on this subject, to be deduced from what has been written and decided, as well as from the dictates of good sense, we take to be this: If futurity be annexed to the *substance* of the gift, the vesting is suspended; but if it relate to the *time of payment* only, the title vests instantly upon the death of the testator. (*Onslow vs. South*, 1 *Eq. C. Abr.* 295. *Cruse vs. Burley*, 3 *P. Wm.* 20. *Snell vs. Dee*, 2. *Salk.* 415. 1 *Jarm.* 760.)

Thus, where property is given by will to one when he shall attain the age of twenty-one years, or at the age of twenty-one, or at the expiration of a definite period from the testator's death, or when that person or another shall marry, the vesting, itself, and not merely the possession, is deferred, and a contingent interest is conveyed. If, however, the gift be, in the first instance, to the devisee or legatee, and is then directed *to be paid*, at the age of twenty-one, or when the 'event specified shall happen, then the title to the same vests immediately upon the death of the testator.

Accordingly, it has been held, that though a devise of lands to A if or when he shall attain the age of twenty-one years, by itself, would confer a contingent interest only; yet, that if the devise be to trustees for the performance of testator's will, until such time as A should accomplish his age of twenty-one years, and *when* he should come to his age of twenty-one, then to be to him, his heirs and assigns, forever; in such case, the estate vested immediately in A, and he dying before twenty-one, the same passed to his representative. (*Boraston's Case*, 3 *Rep.* 19. *Mansfield vs. Dugard*, 1 *Eq. C. Abr.* 195. *Goodtitle vs. Hayward*, 1 *Burr.* 228. *Doe d. Weedon vs. Lea*, 3 *Durn & E.* 41. *Doe d. Wright vs. Cundall*, 9 *East.* 400. *Doe d. Cadogan vs. Edward*, 7. *Ad. & Ell.* 636. *Hanson vs. Graham*, 2 *Ves.* 239. *Lane vs. Goudge*, 9 *Ves.* 225.)

These cases and many others which might be cited, go upon the idea that it was the intention of the testator, that immediately upon his death an interest in the estate conveyed should vest and take effect in the devisee or legatee, and that his possession only was postponed. The special characteristic being, *that there is a prior interest extending over the whole period for which the devise or bequest is postponed*.

And the Courts put their judgments in all the cases upon the ground, that there is something in the will which shows that such was the intention of the testator.

In endeavoring to give effect to this construction, some Courts have held, that though a devise to a particular person, if he shall live to attain a particular age, standing alone, is

contingent; yet, if it be followed by a limitation over in case he die under such age, the devise over is considered explanatory of the sense in which the testator intended the devisee's interest in the property to depend on his attaining the specified age, viz: that at that age, it should become absolute and indefeasible; the interest in question is therefore construed to vest instanter. *Doe d. Hunt vs. Moore,* (14 *East.* 601.)

The distinction here is somewhat subtle; but it rests upon the principle, that unless some immediate interest had been conveyed to the devisee, there would have been nothing to *go over* upon the contingency of his death before twenty-one, and the words giving the devise this direction have no meaning. Thus, it will be observed, proceeding upon the idea, that there was a prior estate extending over the period for which the devise was postponed.

It is well settled, too, that an estate may be conveyed by will, which vests immediately upon the death of the testator, subject to be divested upon the happening of a specified contingency. Thus, in *Edwards vs. Hammond,* (3 *Lev.* 132,) where A surrendered the reversion in fee in customary lands to the use of his son H, and his heirs, &c., *if it should happen that he should live until he attained the age of twenty-one years;* provided always, and under the condition, nevertheless, that if II *died before he attained that age,* then, the premises to remain to A in fee; it was held, that this was an immediate devise to H, subject to be defeated upon a condition subsequent, if he did not attain the age of twenty-one years.

We have taken these principles carefully into consideration in the investigation of the points raised upon this will; and in view of its whole structure, are of opinion, either that no estate vested in any child of George L. Bird, until the youngest should come of age or marry, or that, if any interest did so vest, it was subject to be divested upon the contingency of the child dying before the time specified. In either event, as Lorenzo died before the happening of the specified

contingency, his representative is not entitled to recover the *corpus* of his share in such estate.

At the hearing, a majority of this Court were inclined to think that this testator intended to give his property to his children, (the child or children of any child who might depart this life before the contingency contemplated, to stand in the place of the parent,) as tenants in common, not to be divided until the youngest child come of age or marry; subject to be divested as to any child, by that child's dying before the contingency specified, without leaving issue living at the death; in which event, his share should go to the survivor or survivors, except the sum of five hundred dollars, which should be paid to the widow of such deceased child.

For myself, subsequent consideration has strengthened and confirmed the impression, that the interest of Lorenzo Bird never did vest in him; and cannot, therefore, be said to have been divested.

I think it evident, from the whole will, that the vesting of the interest was intended to be postponed until the youngest child should marry or come of age; and that there was no title to any portion of the property in Lorenzo, *extending over the period from his father's death until his own.* Indeed, I think that especial care was taken by the testator to prevent this result, and that appropriate terms were used by him for this purpose. When such terms have been employed, Courts have held, that the contingent estate will be supported, and have excluded such a construction as that of which we have been speaking, and which supports the immediate vesting of the interest.

Thus, it has been held, "that the rule of construction under consideration, is also excluded by a declaration, that the devisee shall take a vested interest at a future period, as such a declaration obviously carries with it an implied negation of an earlier period of vesting." *Glanville vs. Glanville,* (2 *Mer.* 38.)

Now in the fifth clause of this will, when the testator makes provision that his executor shall, in his discretion, give off to

his children, as they may marry or become of age, such portion of his estate as the executor " may think for the best," for the purpose of allowing the child to manage and control, and receive the profits of the same, he goes on to provide, that "the title to said broperty shall not be divested from my executor, nor such child acquire any title to the same; but said property shall belong to my estate until the youngest child shall marry or become of age," &c. A declaration of ·intention utterly inconsistent with the idea, that he intended such interest to vest in Lorenzo immediately upon his decease.

It is true, that in this case, the testator gave his property (to a trustee) for the education and support of his family, from and after his death, and provided that it might be given off, in the discretion of his executor, to his children, upon their coming of age. But he did not give the *whole* of this property to the support of his children. On the contrary, he made provisions for the support of his wife out of it. And, in plain words, he said that he did not intend the title to vest in his children until the contingency specified should happen.

It is true, too, that it has been held, where property was thus bequeathed upon a future contingency, and in the mean time, the proceeds were directed to be applied to the maintenance of the devisee or legatee, that the same vested immediately upon the testator's death. (*Fonnereau* vs. *Fonnereau*, · 3 *Atk.* 645. *Knight* vs. *Knight*, 2 *Sim. & Stua.* 490.) But in these cases, there was nothing in the will of the testator expressing a different intention; and therefore, the maintenance was looked to as an interest extending over the period for which the vesting was postponed. In the case before us, the intention is plainly expressed, that though the estate is to be applied to the maintenance of the children, the title is not to vest in them until the contingency specified shall happen.

In the leading case of *Leake* vs. *Robinson*, (2 *Mer.* 363,) where a testator gave certain real and personal property to trustees upon trust, in a certain event *to pay and transfer the same unto and amongst all and every the brothers and sisters*

*of R, share and share alike, upon his, her or their attaining twenty-five, if a brother or brothers, and if a sister or sisters, at such age, or marriage with consent.* And the trustees were authorized to apply the rents, and profits, and interest, or so much as they should think proper, for the maintenance of such brothers and sisters in the mean time. Sir *Wm. Grant,* M. R. held that this was not a case in which the enjoyment only was postponed; the direction to pay was the gift, and that gift was only to attach to children who should attain twenty-five.

So, where a testator left for his wife's use certain furniture, &c. adding, " which I desire may be distributed among our children on the youngest attaining twenty-one years, at her and my executor's discretion—such part being, nevertheless, for her own use, as may be thought convenient: and at her death, to be distributed as above directed." Sir *J. Leach,* V. C. on the principles above stated, held that children who died before the youngest attained twenty-one, took no interest. *Ford vs. Rawlins,* (1 *Sim. & Stud.* 328.)

In another case, where a testator bequeathed £1500 to trustees, the dividends to be paid to R, wife of his son G, for the benefit of the testator's son, of herself, and of their children during the life of his son; and after his decease, to remain in trust for the benefit of his wife and children during her lifetime, if she remained a widow; and at her decease, to be equally divided among all her children by his son G, *if they should have attained the age of twenty-one years;* but should any of them still be minors, the share of such child or children to be held in trust for them till twenty-one years of age, when the principal should be paid to them, *the dividends on their shares being applied, by the trustees, to their maintenance while minors;* and in the event of R marrying again, her children by G were then to receive their separate portions thereby devised, as they *attained twenty-one years,* although their mother were living. Sir *L. Shadwell,* V. C. was of opinion, that according to the true construction of the words of the codicil, there was no gift to any of the children

except those who attained twenty-one.   *Taylor vs. Bacon,* (8 *Sim.* 100.)

Other cases to this effect might be cited, but I must content myself with the references I have made.·   These strongly support the construction which I place upon the will.

My conclusion, therefore, is, that the testator intended to, convey his property to his executor, in trust, for the support and maintenance of all his family, and for the education of his children, until the youngest came of age or married, when he designed that the same should vest in the survivor or survivors, and in the child or children of any one of his children who might, before that time, die, leaving such, his issue, the latter representing his or their parent, that if any child of the testator should die without leaving issue, then nothing of said property was to pass to his heirs or representatives; but the testator gave to his wife the sum of five hundred dollars.·

Judgment affirmed.