CLARINDA COLESBURY *et al.*, plaintiffs in error, *vs.* ELIZA R. DART *et al.*, defendants in error.

The bill alleged that the complainants were the beneficiaries of a certain trust estate; that the trustee had borrowed money and given a mortgage on the trust property to secure its repayment; that the mortgagee had notice that the money was not borrowed for the use of the estate; that proceedings had been commenced to foreclose, to which the trustee would make no defense.  The prayer was for the removal of the trustee, the cancellation of the mortgage, and injunction against its foreclosure.

*Held,* that a demurrer to the bill was properly overruled.

Equity.  Trusts.  Before Judge TOMPKINS.  Glynn Superior Court.  May Term, 1877.

Reported in the decision.

GOODYEAR & HARRIS, for plaintiffs in error.

W. J. & WM. WILLIAMS, for defendants.

WARNER, Chief Justice.

This was a bill filed by the complainants against the defendants, with a prayer for an injunction, upon the allegations contained therein.  The defendants demurred to the bill, which was overruled by the court, and the injunction prayed for granted, whereupon the defendants excepted.  The object and prayer of the complainants' bill, is to restrain the defendant, Colesbury, from foreclosing a mortgage executed to her by the defendant, Dart, as trustee, on certain described real estate, which the complainants allege Dart held in trust for them under two trust deeds, the one executed by Rat-

cliff as sheriff, and the other by Gignilliatt, conveying the property to the said Dart in trust for the complainants, who pray that the mortgage may be delivered up and cancelled, and that Dart may be removed as their trustee. The alleged equity in complainants' bill is, that the money borrowed by Dart, as trustee, from Colesbury, the other defendant, to secure the payment of which the mortgage was executed, was not borrowed for the benefit of the trust estate, and that the defendant, Colesbury, the mortgagee, had notice of the same when the mortgage was executed to her by said trustee; and that the defendant, Dart, has made no defense to the foreclosure of said mortgage, and will not make any, and without the intervention of said court of equity said mortgaged property will be lost to said trust estate. Although the complainants' bill is rather loosely drawn, still there is enough in it, assuming the allegations to be true, as the demurrer does, to require at least an answer from the defendants; and there was no error in overruling the defendants' demurrer.

Let the judgment of the court below be affirmed.