TAYLOR v. KEMP *et al.*

1. A sale of land by one to whom it was devised with permission to him to use it without charge for waste so long as he should live, not subject, however, to his debts or contracts " nor to be rented even by him, and after his death then share and share alike to his children, and should any child or children of his be dead at the time of his death, their issue to take the share such dead child or children would have taken had they been alive, in fee simple," passed only an estate for his life; and the purchaser was not entitled, as against the remaindermen, to be paid for any permanent improvements he made upon the land, except as a set-off against mesne profits, although he was a *bona fide* purchaser and thought he was buying a fee simple title. Only legal and not equitable rights against him being invoked, his prayer for decree that the land be sold and the fund thereby realized be equitably distributed between the remaindermen and himself, could not be granted, although the improvements he made largely enhanced the value of the property.

2. None of the plaintiffs having attained majority more than seven years before bringing this suit, and the life-tenant having died in January, 1888, the defendant had no title by prescription.

3. An order passed in 1869 by the judge of the superior court for sale of the land and reinvestment of the proceeds, on the petition of the life-tenant in the character of trustee, stating that " this land was devised to him for life with remainder over in fee to the petitioner in trust for the children of the petitioner," was invalid as

against the remaindermen for want of jurisdiction; the will show-
ing no trust created in favor of the life-tenant or his children, and
although the life-tenant was therein appointed one of the execu-
tors, his application not being in that capacity for leave to sell to
pay debts or for distribution.

4. The rulings of the court on the pleas being correct, it was not
error to direct a verdict in favor of the plaintiffs.

November 12, 1890.

Estates. Wills. Remainders. Title. Equity. Pre-
scription. Sales. Jurisdiction. Trusts. *Bona fides.*
Practice. Before Judge LUMPKIN. Screven superior
court. November term, 1889.

Reported in the decision.

DELL & WADE and W. HOBBY, for plaintiff in error.
T. H. POTTER, *contra.*

SIMMONS, Justice.

In 1859, Alexander Kemp made his will and ap-
pointed his wife and his son, W. W. Kemp, and another,
executors. The testator devised to his son William
certain land to be delivered to him when and as soon
as he should become 21 years of age, and not before.
The executors were directed to permit his son to use the
land without charge for waste so long as he should live,
not subject, however, to his debts or contracts, "nor to be
rented even by him," but to use it as a home whenever
he might think fit, "and after his death then share and
share alike to his children, and should any child or
children of his be dead at the time of his death, their
issue to take the share such dead child or children
would have taken had they been alive, in fee simple."

W. W. Kemp qualified as the sole executor of this
will, and upon the death of his father, went into pos-
session of the land. In 1869, Kemp applied as trustee
to the judge of the superior court for leave to sell this
land and to reinvest the proceeds in other land. Leave
was granted by the judge; and he sold the land to
Taylor, the defendant; but it does not appear whether

the money arising from the sale was reinvested. Kemp died in January, 1888, leaving the plaintiffs, his children. Shortly after his death, his children commenced suit against Taylor for the land. Upon the trial of the case, under the charge of the court, the jury returned a verdict in favor of the plaintiffs. The defendant made a motion for a new trial, which was overruled by the court. The 4th and 5th grounds of the motion complain that the court erred in striking the defendant's plea. The substance of the plea was, that Taylor was a *bona fide* purchaser without notice of any defect in the title; and that if the title of the plaintiffs be paramount, he should not be ejected until the plaintiffs had fully compensated him for the many permanent improvements he had put upon the land,—setting forth in detail the improvements he had made, and alleging that by reason of these improvements the land had become enhanced in value at least $1,500; that the estate of W. W. Kemp was insolvent; and he prayed that he might have such equitable relief as the nature of the case required; and that if his prescriptive title was not good, the land be sold under the decree of the court and the funds realized distributed equitably between the plaintiffs and himself according to their respective right.

1. There was no error in striking this plea, under the facts of the case. As we will presently show, W. W. Kemp had only a life-estate in this property, and that is all that Taylor purchased. He may have been mistaken as to the title which he obtained from Kemp, and may have thought that he got a fee simple title, but under the will it is clear to our minds that Kemp had only a life-estate and could not sell more than that. Taylor, therefore, having purchased only the life-estate, was not entitled to be paid by these plaintiffs for any permanent improvements he had made upon the land,

except as a set-off against mesne profits; and the record shows that the plaintiffs abandoned their claim for mesne profits pending the trial, and the court thereupon dismissed these pleas. Taylor having no legal or equitable title to the land, and none but legal remedies being invoked against him, we know of no law in this State which would authorize him to recover of the plaintiffs for permanent improvements placed by him upon their land. *Fields* v. *Carlton*, 75 *Ga.* 554; Same *v.* Same, 84 *Ga.* 597, 11 S. E. Rep. 124.

2. The 6th and 7th grounds of the motion complain that the court ruled that the prescriptive title of the defendant did not commence to run against the plaintiffs until after the death of W. W. Kemp, the father, and unless seven years had elapsed since his death, it appearing that none of the plaintiffs had become twenty-one years old more than seven years before the bringing of the suit. We have already decided, in passing upon the preceding grounds, that W. W. Kemp had only a life-estate in this land. Under the will, he was to have only the use of it during his life, and after his death it was to go to his children or grandchildren as the case may be. Such was the rule in the case of *Pearce* v. *Goodrich*, 83 *Ga.* 781, and the authorities there cited; and this court has held in several cases, recently in the case of *Bagley* v. *Kennedy*, 81 *Ga.* 721, that the statute did not commence to run against the remaindermen until the death of the life-tenant. So we think the court was right in holding that Kemp, the father, had only a life-estate, and that the statute did not commence to run against his children until after his death.

3. The 8th ground complains that the court held that the sale from W. W. Kemp, executor, to the defendant, under the deed of November 10th, 1869, was invalid as against the remaindermen, although it was conceded that the defendant was a *bona fide* purchaser

without notice.   We think the court was right also in this ruling.   The application made by W. W. Kemp to the chancellor was made in the character of trustee, and he states in the application that "this land was devised to him for life with remainder over in fee to the petitioner in trust for the children of the petitioner." It was made, therefore, not as executor, but as trustee; and the will clearly shows that there was no trust created in favor of him or his children, but that it was simply a life-estate in him, with remainder in fee at his death to his children, and the prayer of the petition was for a sale of the land and a reinvestment in other land. Under the terms of the will and the facts set out in the petition, we do not think the chancellor had any jurisdiction to pass the order he did, authorizing Kemp to sell this land and reinvest the proceeds in other land. If, as executor, he had applied to the chancellor for leave to sell the land to pay debts of the estate, or to sell it for the purpose of distribution, then, as we held in the cases of *McGowan* v. *Lufburrow*, 82 *Ga.* 523, and *Blake* v. *Black*, 84 *Ga.* 392, the chancellor would have jurisdiction to pass the order.   But the application not being for these purposes, and there being no trust created for the remaindermen, the chancellor had no jurisdiction to pass the order.   *Rogers* v. *Pace*, 75 *Ga.* 436; *East Rome Town Co.* v. *Cothran*, 81 *Ga.* 359.

4. The defendant's pleas having been stricken, and the ruling of the court upon the other pleas having been correct, the court did not err in directing the jury to find a verdict for the plaintiff, as complained of in the 9th ground of the motion.          *Judgment affirmed.*