## RUTHERFORD, trustee, *v.* LARNED.

Where a trustee, under an order granted upon his own application by a judge of the superior court, borrowed money with which to pay off an existing lien on land alleged to be held by the applicant in trust, and secured the payment of the loan thus made by a mortgage on the land, as by such order authorized, the successor of that trustee could not set up as a defense to a proceeding by the lender to foreclose such mortgage that the order in question was void because of a disqualification on the part of the judge to grant it, or on any ground necessarily passed upon by the judge in granting the order.    Even if the alleged disqualification existed, or there was any other reason why the order should not in the first instance have been granted, and if as a consequence it was open to attack by a person authorized to make it, the original trustee was estopped from so doing, and his successor, as to this matter, occupies no better footing.

Argued June 14, — Decided July 8, 1897.

Foreclosure of mortgage.    Before Judge Felton.    Crawford superior court.    March term, 1896.

*Berner & Bloodworth*, for plaintiff in error.
*Guerry & Hall*, contra.

COBB, J.   A. W. Gibson, as trustee for Julia F. Rutherford and her children, made to the judge of the superior court an application in which it was set forth that the estate of which he was trustee had contracted debts for which it was legally liable, and that for their payment the property of the estate would be sold; and he prayed for an order authorizing him to borrow the sum of $1,200 and to secure the payment by mortgage on the trust property.   Upon this application an order was passed, authorizing the trustee to make the loan and execute the mortgage.   Under this authority Gibson as trustee borrowed $1,200 from one J. H. Tallman, made a note for the amount, and executed a mortgage upon the trust property to secure its payment.   The note and mortgage were subsequently transferred to Walter Larned, who filed a petition to foreclose the mortgage against Taylor G. Rutherford, who had been appointed trustee to succeed Gibson.   To this petition the defendant pleaded, that under the terms of the deed creating the trust the lands could not be encumbered by mortgage, there being no trustee for the remaindermen, nor could any guardian ad litem be appointed so as to bind the estate; that the estates created were too contingent to authorize the creating of the mortgage; that the order authorizing the trustee to create the mortgage was void, because the judge who passed it was disqualified to grant the same, the purpose of the mortgage being to pay off a debt due to a corporation on a judgment which had been obtained by the services of a law-firm of which such judge was then a member; that the debt the mortgage was given to secure was not a debt due by the trust-estate, but was due by the husband of one of the beneficiaries, and that plaintiff had notice of this fact.   The judge directed a verdict for the plaintiff, and this is assigned as error.

Gibson, the trustee, having applied for an order authorizing him to create the lien upon the property of the trust-estate, and having set forth in the petition facts which would authorize the judge to pass such an order, and having thus secured the order, and upon the faith of it having obtained from the person under whom the plaintiff claims the money which was necessary to discharge the debts alleged to be due by the trust-

estate, and having so applied it, it does not lie in the mouth of his successor to say that the proceeding was improperly instituted, nor that the order was improperly granted, nor that it was granted by a judge who was disqualified to act in the matter. The trustee at the time the order was passed would certainly be estopped from setting up the defenses which are now relied on, and in this regard his successor occupies no better footing than he would. It is true that it has been held by this court that an administrator who makes an unauthorized sale of property belonging to the estate will not be estopped from recovering it back, and that an administratrix standing by and seeing property of the intestate sold under a void fi. fa. would not work an estoppel upon her successor in office so as to prevent him from attacking the validity of the sale. See *Wilkins* v. *McGehee*, 86 *Ga.* 764, 771, and cases cited. But it never has been held that a judgment of a court of competent jurisdiction in a suit rendered in favor of or against a trustee who was properly before the court would not be conclusive upon the trustee and his successor in office as to all matters which were involved in the pleadings in the case. While this direct question was not involved in the case of *Meyer* v. *Butt*, 44 *Ga.* 468, Judge McCay in the opinion recognizes the principle of estoppel above referred to, and uses this language: "We recognize fully the principle that a judgment between the parties is conclusive on the subject of dispute unless attacked for fraud, and we agree that generally a trust-estate is bound by a judgment against a trustee." It was further stated in the opinion that it might be "laid down as a general rule that a judgment against a trustee in a suit where he is the sole defendant and where the plaintiff is seeking to charge the trust-estate with debt contracted by the trustee for his own benefit is prima facie fraudulent." In such a case, if the cestui que trust was not a party to the suit and did not consent in any way to the judgment, equity would interfere to enjoin the enforcement of such a judgment.

It is not necessary to determine whether under the facts alleged the judge who passed the order was disqualified, as the person attempting to set up the disqualification will not be heard on this question. Neither is it necessary to decide what

effect the order authorizing the creation of the lien and the sale under the judgment obtained in this proceeding would have upon the interest of the minors, or others interested in the estate, but possibly not represented by the trustee. The petition in this case shows a state of facts which operates as an estoppel upon the trustee; and this estoppel operates against all those whom he was and is legally authorized to represent, but against no others. There being no defendant to the proceeding except the successor to the trustee who obtained the order, incurred the debt, and created the mortgage, there was no error in directing that the plaintiff was entitled, as against him, to foreclose the mortgage.

*Judgment affirmed. All the Justices concurring.*