# Paxson's Estate.

*Wills—Construction—Legacies—Vested and contingent gifts—Intention.*

Where a testator bequeathed two-thirds of his residuary estate to three grandchildren named "on their arrival respectively at the age of twenty-one years and in case of the death of either of my said grandchildren before his or her arrival at the age of twenty-one years without leaving issue him or her surviving, then his or her share so dying shall go to and be divided between the survivor or survivors," and further directed that until their majority, one-half of the income should be paid to their mother for their education and support; and in a codicil testator ratified his will and recited that he had given two-thirds of the estate to his grandchildren, and directed his executors to hold the grandchildren's shares in trust until their arrival respectively at the age of twenty-five, and to pay over one-half of the income of each share to their mother for their education and support, and to accumulate the other half of the income, and to pay over the accumulations with the principal to such grandchildren upon their respectively arriving at the age of twenty-five, the language employed clearly indicates an intention that the grandchildren should take vested, not contingent interests. It follows that a grandchild who had reached the prescribed age was entitled to one-third of the accumulations, and to interest on invested accumulations.

Argued April 4, 1913. Appeal, No. 75, Jan. T., 1913, by Sallie W. Howes, from decree of O. C. Philadelphia Co., Jan. T., 1907, No. 224, sustaining exceptions to adjudication in Estate of John W. Paxson, deceased. Before BROWN, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Exceptions to adjudication.

The opinion of the Supreme Court states the facts.

The court sustained the exceptions in an opinion filed by LAMORELLE, J.

*Error assigned* was in sustaining the exceptions.

*Russell Duane,* of *Duane, Morris & Heckscher,* for appellant.

*John G. Johnson,* with him *Maurice Bower Saul,* for appellee.

OPINION BY MR. JUSTICE STEWART, June 27, 1913:

While it is a settled rule of construction that a legacy payable at a future period, unaccompanied by an antecedent substantive bequest independent of the period fixed for payment, is presumptively contingent rather than vested, this, like every other rule of construction, is but an aid in determining the actual intent of the testator. It is not a rule of law determining arbitrarily a certain conclusion from words employed, but merely a rule of construction which will supply a presumptive, conventional intent where the actual intent is not ascertainable. "With the desire to reduce to a minimum the perplexity and uncertainty inseparable from the subject," says MITCHELL, J., in Woelpper's Appeal, 126 Pa. 562, "courts have established certain more or less artificial and arbitrary canons of construction by which certain forms of expression are presumed to have certain meanings, and in doubtful cases these presumptions are held to be decisive. But all of these canons are subservient to the great rule as to intent, and are made to aid, not to override it. As in all such cases, care is required that tools shall not become fetters, and that the real end shall not be sacrificed to what was intended only as the means of reaching it." The whole force of the argument in support of this appeal rests on a rigid application and enforcement of the rule of construction which would make the legacy in this case contingent because payable at a future fixed period without antecedent substantive gift. That the language employed by the testator in the present case would not ordinarily import an antecedent gift may be conceded; and we may further concede that it fairly imports the opposite;

nevertheless, if it appear from the rest of the will that the testator intended by the language used an antecedent gift, the law will give effect to his intention in this regard. To apply an artificial rule which would defeat such intention would be a gross perversion of the rule making it a fetter instead of an aid. The language of the will for consideration here is as follows:

"All the rest, residue, and remainder of my estate, real personal and mixed whatsoever and wheresoever the same may be at the time of my death I give, devise and bequeath as follows: One equal third part thereof I give, devise and bequeath unto my daughter Sallie W. Howes absolutely.

"The remaining two-third part I give, devise and bequeath unto my three grand-children John W. Paxson, Jr., David Paxson and Edna Paxson share and share alike, on their arrival respectively at the age of twenty-one years and in case of the death of either of my said grand-children before his or her arrival at the age of twenty-one years without leaving issue him or her surviving, then his or her share so dying shall go to and be divided between the survivors or survivor thereof.

"And until the arrival of my said grand-children of the age of twenty-one years respectively, I will and direct that one-half part of the income, interest and dividends of their respective shares shall go to and be paid to their mother Ella Paxson for their education and support during their minority respectively."

We find here certain marked features in the will which to our mind disclose a clear intention on the part of the testator to vest his gift in his grandchildren, the legatees. First, the gift over upon the death of either grandchild before attaining the age when payment was to be made, is dependent on death "without leaving issue him or her surviving." This is a circumstance so significant to the professional mind as showing an intent that the legacy should be a vested one, that it has become the subject of a general rule of construction thus expressed

by Mr. Hawkins in his treatise on Wills on page 225:

"In the case of a gift to children when and as they should attain a given age, with a gift over of the shares of those dying under that age without leaving issue, it has been held that the children took vested interests, inasmuch as they were to take if leaving issue, although dying under the given age."

The significance of this feature of the will in question is not derived from the rule, but the rule derives its significance from the persuasiveness of the feature that grandchildren were to take if leaving issue, although dying under the given age. In Theobald on Wills, page 589, the rule is thus stated:

"A gift over upon the death of members of the class under twenty-one and without issue vests the gift. The gift over shows that the members were to take, except in the event of death under twenty-one and without issue."

In Chew's Appeal, 37 Pa. 23, we have a clear recognition of this rule.

The earlier case of Kerlin v. Bull, 1 Dall. 175, is still more directly in point. The facts of that case sufficiently appear in the following extract of Chief Justice McKean:

"The absolute property is given to John when he should arrive at age, and the use and profits in the meantime to his mother, for the maintenance and education of all the children. The last devise is a particular interest and no more than a chattel interest. The son John was the principal object of the testator's bounty, and if he had married, and died before 21 years of age, leaving children, he certainly meant not his estate should go from them. This, therefore, was an immediate gift to John, though he was not to have the possession until he came of age. All the cases support this judgment. Legacies are governed by the rule of the civil and ecclesiastical courts; devises by the intention of the testator."

Again; the provisions that a moiety "of the income,

interest and dividends of their respective shares shall go to and be paid to their mother, Ella W. Paxson, for their education and support during their minority respectively," evinces an unmistakable purpose to bestow at once a beneficial interest. As indicating an intention that the legacy should be a present vested gift, such provision is allowed to be most persuasive. In Reed's Appeal, 118 Pa. 215, it is said:

"And while it is true as a general rule, as before observed, that where the time or other condition is annexed to the substance of the gift and not merely to the payment, the legacy is contingent, yet it is equally true that a well-recognized exception to the rule is, that when interest, whether by way of maintenance or otherwise, is given to the legatee in the meantime, the legacy shall, notwithstanding the gift appears to be postponed, vest immediately on the death of the testator. This circumstance indicates an intention that the beneficial enjoyment shall begin at once, and payment only of the principal of capital be postponed. When a legacy is given by a direction to pay when the legatee attains a certain age, the direction to pay may import either a gift at a specified age or a present gift with a postponed payment; and if the interest is given in the meantime, it shows that a present gift was intended: Provenchere's Appeal, 67 Pa. 463."

Further; it is to be observed that the reference in the clause providing against the death of either of the grandchildren in his or her minority, is to "the shares of the one so dying." The significance of this expression is obvious. In referring to it as it occurred in a will under consideration in Smith's Estate, 226 Pa. 304, our Brother POTTER there remarks:

"He (the testator) refers to the shares of those who were minors at the time of his death, and directs that such shares were to continue to accumulate until the minors respectively became twenty-one years old, when

they were to receive the same. Unless the minors had a vested interest they could own no shares."

Passing now to the third and last codicil to this will, we find there a general expression from the testator as to his own understanding of the original will which by this codicil he ratified and republished.

"Whereas I have given two-thirds of my residuary estate to my three grand-children share and share alike on their arrival respectively at the age of twenty-five years......Now I hereby ratify and confirm my said will and I do furthermore direct my executors to hold and invest the shares given to my grand-children until their arrival respectively at the age of twenty-five years and to pay one-half of the income interest and dividends of each share to my daughter-in-law Ella W. Paxson as in my will mentioned, she to educate and support my grand-children until they respectively arrive at the age of twenty-five years, the remaining half part of the income to accumulate and be paid to my grand-children together with his and her share of the principal as they respectively arrive at said age."

How could the testator have more clearly expressed an understanding on his part that by the original bequest it was not the vesting that was postponed but merely the enjoyment? The executors were to hold and invest the fund committed to them in trust, not as the property of the testator's estate, but as shares he had given his grandchildren out of his residuary estate, one-half the income therefrom to be applied towards their maintenance and education during the period of their minority, and the remaining one-half to accumulate and be paid them on arrival at age, along with the corpus; showing clearly an understanding that by the terms of the original will the entire beneficial interest in the legacy passed to these legatees.

We find nothing in this case calling for the application of artificial rules of construction in view of these plain expressions from the testator as to his intention.

That he intended a vested legacy to the grandchildren we have no doubt.

The practical question in the case is one of proper distribution of the accumulation of income directed by the will to be paid to the grandchildren, "together with his and her share of the principal as they respectively arrive at said age." The appeal is from a decree awarding John W. Paxson, Jr., one of said grandchildren who has attained the prescribed age, one-third of the accumulations, as well as interest on invested accumulations. The correctness of the decree follows necessarily from the conclusion reached that the legacy to the grandchildren was not contingent but vested.

The assignments of error are overruled and the decree is affirmed.