### MURPHY *et al. v.* MURPHY.

HILL, J. 1. The persons who, under the deed in question, were to take remainder interests not being certain until the death of the life-tenant, the remainder interests were contingent, and could not become vested until the death of the life-tenant. *Darnell* v. *Barton,* 75 *Ga.* 377.

2. The words " representatives of such children, if any," as used in the deed, mean children of deceased children of the life-tenant, and do not include the wife of a child who predeceased the life-tenant, leaving no children. See *Cushman* v. *Coleman,* 92 *Ga.* 772 (2), 774 (19 S. E. 46) ; Civil Code (1910), § 3660.

3. Applying the above rulings to the facts alleged in the petition, the court erred in overruling the demurrer.

*Judgment reversed. All the Justices concur.*

No. 2201. APRIL 15, 1921.

Equitable petition. Before Judge Jones. Stephens superior court. August 6, 1920.

Mrs. Martha R. Murphy filed an equitable petition against Joseph M. Murphy and others, and alleged that she was a tenant in common with the defendants, who were children and grandchildren of Nathan B. Hunter, in a certain tract of land which, on April 25, 1839, was conveyed by Thomas I. Murphy to Nathan B. Hunter, who, on December 28, 1869, conveyed it to Rebecca A. Murphy

"during her lifetime, and after her death then to such child and children as she may have living at her death, and the representatives of such children, if any." Nathan B. Hunter died on April 15, 1888; and Elvira Hunter, his wife, died on January 7, 1891. Rebecca A. Murphy, the grantee and life-tenant in the deed, died February 28, 1920. William H. Murphy, a son of the life-tenant, died on August 30, 1916, leaving the plaintiff, who was his wife, as sole heir at law; and there was no administration on his estate, there being no debts to pay and no need of administration. Plaintiff claims to own one undivided sixth interest in the tract of land in controversy as tenant in common with the defendants, as the sole heir at law of her deceased husband, under the deed. The prayer was for partition of the lands, for appointment of a receiver, etc. The defendants filed a demurrer to the petition, on the ground that it set out no cause of action, and that the allegations of the petition, together with a proper construction of the deed attached to it, show that the plaintiff is not a tenant in common with the defendants of the lands described, and that she has no interest therein. The court overruled the demurrer, and the defendants excepted.

*Claude Bond* and *C. M. McClure,* for plaintiffs in error.

*Goode & Owen* and *James H. & Emmett Skelton,* contra.