## GILLESPIE *v.* ELLIS, administrator, *et al.*

HINES, J. 1. Where real estate is granted to a person when or as soon as he shall attain a given age, or when an event shall happen which may never occur at all, or at, or upon, or from and after his attaining such age, or the happening of such event, and there are no other words indicative of an intent to confer a vested interest, and nothing in the form of a limitation itself to indicate an intent merely to delay the vesting in possession or enjoyment, and no disposition of the intermediate income, the interest of the grantee will be contingent until he attains the age specified, or the event described has happened. If futurity is annexed to the substance of the gift, the vesting is suspended; but if it appears to relate to an intent merely to delay vesting in possession or enjoyment of the grant, the grant vests instanter. *Cogburn* v. *Ogleby*, 18 *Ga.* 56, 58; *Bowman* v. *Long*, 23 *Ga.* 243; *Allen* v. *Whitaker*, 34 *Ga.* 6; In re Paxon's Estate, 241 Pa. 452 (88 Atl. 673, L. R. A. 1915C, 1009, and note).

2. But where income by way of maintenance, education and support, or otherwise is given to the grantee in the meantime, the grant, notwithstanding the gift appears to be postponed, vests immediately upon the execution and delivery of the instrument creating it.

3. The appointment of a trustee for the infant grantee is one of the main facts in favor of the vesting of the grant. Bromstrom *v.* Wilkerson, 7 Ves. Jr. 421; *Bowman* v. *Long*, supra.

4. A grantor conveyed to a company as trustee, "its successors and assigns, in fee simple," certain parcels of real estate, in trust that "the net income from the entire trust estate, after paying all necessary

charges and expenses in maintaining said estate," including the compensation of the trustee, the payment of an encumbrance on one of the parcels of land conveyed, and the payment of a named fee due by the grantor to her attorney, "shall be paid over to J. C. Porter . . for and during his natural life, and after the death of said J. C. Porter the net income shall be used for the maintenance, education, and support of J. C. Porter Jr., until he shall have arrived at the age of 21 years, and at that time said property shall be conveyed to him" by the trustee "or its successors in trust." Under this conveyance a vested remainder was created in favor of J. C. Porter Jr., with its management lodged in the trustee until he arrived at twenty-one years of age, with the possession and enjoyment of the corpus postponed until that time, when the trustee was to convey the estate to him; and not an estate contingent upon his reaching that age, with reversion in favor of the grantor upon his death before reaching that age, there being no provision for reversion in case he died before that age. Goodtitle v. Whitby, 1 Burr. 229, 97 Eng. Rep. (Reprint) 287, King's Bench Book, 26; Jackson v. Jackson, 1 Ves. Sr. 217, 27 Eng. Rep. 992; Fulton Trust Co. v. Phillips, 215 N. Y. 573 (113 N. E. 558, L. R. A. 1918E, 1070); Stevens v. Carroll, 64 Or. 417 (129 Pac. 1047, L. R. A. 1918E, 1095, and note 1112). *Judgment affirmed. All the Justices concur.*

No. 7139. JULY 12, 1929.

*Winfield P. Jones* and *John B. McCallum,* for plaintiff in error.
*Mitchell & Mitchell* and *Anderson, Rountree & Crenshaw,* contra.