MORRIS, administrator, *v.* FIRST NATIONAL BANK OF ATLANTA, administrator, *et al.*

CANDLER, Justice. This case is here for review on an exception to a judgment sustaining a general demurrer to an equitable petition, which sought to vacate and set aside all orders and judgments pertaining to the administration of an estate in the court of ordinary. The plaintiff, as administrator of the estate of the decedent's daughter, who predeceased her father, leaving no children, contended that his intestate, had she survived her father, would have taken his entire estate as sole and only heir at law, but she, having predeceased him, his estate vested in the estate of the plaintiff's intestate, and consequently her surviving husband, as her representative and sole heir at law, was entitled thereto; and that the failure to disclose these facts to the court of ordinary, when the orders and judgments complained of issued, constituted a fraud both upon that court and the plaintiff. It was also urged

that the orders and judgments complained of should be vacated and set aside because rendered contrary to certain provisions of the State and Federal Constitutions, including the due-process clause, the provision against unreasonable searches and seizures, the provision guaranteeing equal protection under the law, and other related provisions. *Held:*

1. Before the death of the ancestor, persons who would become heirs on his death are only heirs apparent; and no inheritance which can descend to their children passes to heirs apparent who die before the ancestor. *Beall* v. *Beall,* 8 *Ga.* 210; *Reed* v. *Norman,* 157 *Ga.* 183 (2, b) (121 S. E. 310).

2. Brothers and sisters of the intestate stand in the second degree, and inherit if there is no widow, child, or representative of a child. Code, § 113-903 (5).

3. The words, "representative of a child," as used in the Code, § 113-903 (5), mean child of a deceased child or a lineal descendant, and do not include the husband of a child who predeceased the intestate. *Raburn* v. *Bradshaw,* 124 *Ga.* 552 (2) (52 S. E. 922); *Murphy* v. *Murphy,* 151 *Ga.* 438 (107 S. E. 37).

4. The contention that the orders and judgments pertaining to the administration and distribution of the intestate's estate should be vacated and set aside because in violation of certain provisions of the State and Federal Constitutions is without merit.

*Judgment affirmed. All the Justices concur.*

No. 15708. FEBRUARY 4, 1947. REHEARING DENIED MARCH 20, 1947.

*Charles W. Anderson* and *S. T. Allen,* for plaintiff in error. *Moise, Post & Gardner,* contra.