## JOHNSON *v.* COOK *et al.*

1. In 1853 a father conveyed to his married daughter a tract of land during her natural life, with remainder to her children. (At the date of this deed a married woman could not hold title to realty in her own name.) After the warranty clause in the deed of conveyance, these words were added: "and for the safe-keeping of the same, I hereby appoint D. A. Cook [husband of grantee] her lawful agent to do and act for her in and about said land; likewise for her children after her death." *Held*: (1) That inasmuch as the wife could not at that time hold title to the realty, it was the intention of the grantor to appoint Cook, the husband, trustee for her, during her life, and after her death trustee for her children. (2) That the husband by his conduct and actions accepted the trust, and thereby waived his marital rights. (3) That the trust thus created put the fee in the husband as trustee, both for the life-tenant and her children; and the whole estate being in the husband as trustee, the remainder in the children was an equitable and not a legal title.

2. Where the husband, in 1859, applied to the superior court for an order to sell the land, was duly authorized to do so, and did sell and convey it and the purchaser went into possession, and he and his successors in title remained in adverse possession to the trustee until the year 1900, when the life-tenant under the original deed died, the trustee is barred, whether the sale was legal or illegal; and he being barred, and the remaindermen holding only the equitable title, they are also barred.

Argued February 14, — Decided March 25, 1905.

Complaint for land. Before Judge Roan. DeKalb superior court. May 21, 1904.

*Green, Tilson & McKinney,* for plaintiff in error.
*Westmoreland Brothers,* contra.

SIMMONS, C. J.   In December, 1853, Merrill Collier made and executed to his daughter, Nancy W. Cook, a deed conveying to her for life, and after her death to her children, a certain tract of land. The warranty was to her "during her natural life, then to her children," and following this warranty, "and for the safe-keeping of the same, I hereby appoint D. A. Cook her lawful agent to do and act for her in and about said land; likewise for her children after her death." D. A. Cook was the husband of Nancy W. Cook. In 1859 Cook and his wife applied to the superior court for an order to sell this property and reinvest the proceeds.   The order was granted, and he sold the land.   Neither the petition to the court nor the order to sell appears in the record, the only reference thereto being the statement that they were predicated upon the deed from Collier to Nancy W. Cook.   We do not, therefore, know whether he applied in behalf of the children or not, but as he was authorized to sell, as *trustee,* and his petition was based upon the deed under which he was acting as trustee, the presumption is that he applied in behalf of all the *cestuis que trust.*   He sold the land, it seems from the record, at a private sale to one Hightower, and took a mortgage to secure the payment of the purchase-money. Hightower failed to pay, the mortgage was foreclosed, execution issued and levied upon the land, and it was sold by the sheriff to Seaborn Crowley, under whom Johnson, the plaintiff in error, holds.   Mrs. Cook, the life-tenant, died in 1900, and her children, the present defendants in error, commenced their action in ejectment to recover the land.   On the trial of the case the judge held that the husband was not the trustee for the wife nor of her children, but only an agent, and when he sold the property he did not sell the children's interest, but only the estate of the life-tenant.   The case being submitted to the court without a jury, he found for the plaintiffs below and directed that a writ of possession issue.   To this ruling and judgment the defendant excepted.

1. It will be seen from the above statement of facts that the main question in the case is whether the quoted clause in the deed created a trust estate in Cook, and, if so, what quantity of interest he took therein; whether he took as trustee for the life-tenant only, or whether he took as trustee for the whole estate.   It will

be remembered that in 1853, when this deed was executed, a married woman could not hold title to realty in this State in her own name. At the time of the execution of this deed and delivery to Mrs. Cook, if there had been no trustee appointed, her husband's marital rights would have attached, at least to the life-estate. But it is evident from the deed that the grantor did not intend that the husband should have any interest in the land, or that it should be subject to his debts. He therefore added the clause above quoted, "for the safe-keeping of the same," as he styled it. This, in our opinion, means that he appointed D. A. Cook the trustee of his daughter, to "do and act" for her during her natural life, and, after her death, to "do and act" for her children. No particular form of words is necessary for the appointment of a trustee. If there is an intention to create a trust, the trustee may be called in the instrument creating it, "agent," or by any other similar designation. The presumption is that the grantor knew the law of force at the time of the grant, and that he must therefore have known that a trustee was necessary; and while the language employed may be inapt as legal phraseology, yet it is manifest that it was the grantor's intention to appoint a trustee for the trust estate. If this were not so, he must have known that the land given to his daughter would have become the property of her husband by virtue of his marital rights, and that his efforts in attempting to prevent the husband from having a beneficial interest therein would have been a legal farce.

The next question which arises is, since Cook was appointed trustee, what quantity of interest did he take, i. e., was he trustee alone for the life-tenant, or was he trustee both for her and the remaindermen? If he was trustee alone for the life-tenant, then no act of his would bind the remaindermen. That was decided in *Fleming* v. *Hughes*, 99 *Ga.* 444. See also *Luquire* v. *Lee*, 121 *Ga.* 624. If he was trustee for both the life-tenant and the remaindermen, then the remaindermen were barred by his acts as well as the life-tenant. *Cushman* v. *Coleman*, 92 *Ga.* 772, and cit. In *Fleming* v. *Hughes* it was held that the trustee was appointed only for the life-tenant. A mere glance at the instrument creating the trust will show this to be true. In *Cushman* v. *Coleman* the trustee was not only appointed for the life-tenant, but for the remaindermen as well, as will be seen by reading the

deed in that case. The deed now under consideration is similar to the one in *Cushman* v. *Coleman.* The grantor not only appointed the husband trustee during the life of his daughter, but adds specifically, "likewise for her children after her death." This clearly shows that he intended the husband and father to be trustee for both: for the wife during her natural life, and after her death for her children. Where the trustee is appointed for the life-tenant alone, and the trust deed does not appoint him trustee for the remaindermen, or is silent upon that point, he takes only that quantity of interest that is possessed by the life-tenant; but if the instrument creating the trust appoints him trustee both for the life-tenant and the remaindermen, he takes the whole interest in the trust estate. In the former case, the remaindermen hold the legal title and the trustee can not interfere therewith; in the latter, the remainder being equitable, he has as full control over it as he has over the life-estate. This is the distinction, under our decisions, which some of our brethren of the bar frequently overlook, in their arguments before us. A trustee may accept a trust by his acts as well as words. Civil Code, § 3190. The record discloses that Cook, the trustee, acted as such, and applied to the court to sell as trustee. He never claimed any title or interest in the land. This shows the construction he and his wife placed upon the deed shortly after it was executed. The words in the deed appointing him trustee for his wife, and, after her death, for her children, construed in the light of all the facts, in our opinion, put the whole fee in him as trustee, and the remainder was an equitable one and not a legal one.

2. It follows from the above, that where the trustee, in 1859, applied for and obtained an order to sell the land, and did sell it, the purchaser going into possession; and the purchaser and his successors in title remained in possession for more than thirty years, holding adversely to the trustee bona fide under claim of right, the trustee, if he had brought the complaint for the land, would have been barred; and, as we have shown, the legal title being in him, the children, or remaindermen, are likewise barred. This principle is so well established by our decisions that it is now unnecessary to cite the numerous cases in which it is announced. 　　　*Judgment reversed: All the Justices concur.*