## CATHERINE RUHE et al. *vs.* CHRISTIAN RUHE.

*Conveyance of Property on Parol Trust—Enforcement of Trust Against Volunteer—Multifariousness.*

When an absolute transfer of property is made to a person upon the faith of his promise to do certain things, or to hold the property for the benefit of the grantor, a valid trust is thereby created. This trust is also enforceable against a third party who takes the property by way of gift, although ignorant of the trust.

A bill in equity alleging that to one of the defendants land was granted upon a parol trust for the benefit of the plaintiff, and that the property was assigned to the other defendant, who instituted an action of ejectment against the plaintiff, and asking that the trust be declared and the action of ejectment enjoined, is not multifarious, since the purpose of the bill does not relate to distinct matters, and both defendants are connected with the transaction in question.

A husband conveyed certain real estate to a third party, who conveyed the same to the grantor's wife. Both conveyances, although absolute in terms, were made upon the parol understanding and agreement that the wife should hold the property for the benefit of her husband. Afterwards she left her husband and conveyed the land by voluntary deed to a person who instituted ejectment proceedings against the husband, who had always remained in possession of the land. *Held,* that under these circumstances, the wife held the title to the land in trust for her husband, and that this trust is enforceable against her and her assignee.

*Held,* further, that under a bill in equity to establish the trust and enjoin the prosecution of the action of ejectment, the original grantee of the husband is a proper party.

*Decided June 23rd, 1910.*

Appeal from the Circuit Court of Baltimore City (NILES, J.).

The cause was argued before BOYD. C. J., BRISCOE, PEARCE, BURKE, THOMAS and URNER, JJ.

*David Ash* (with whom was *Wm. H. Lawrence* on the brief), for the appellants.

*William B. Smith,* for the appellee.

BRISCOE, J., delivered the opinion of the Court.

This case is presented on an appeal from an order of the Circuit Court of Baltimore City, dated the 7th day of March, 1910, overruling a demurrer, with leave to the defendants to plead to the amended bill of complaint filed by the plaintiff against the defendants.

The questions, then, for our consideration are presented by a demurrer to a bill in equity, and the facts well pleaded of the bill being admitted by the demurrer, are to be treated as true for the purposes of the case.

The prayer of the bill is:

First. That the defendant, John E. Smith, be enjoined from further proceeding with an ejectment proceeding now pending before Robert C. Rhodes, a Justice of the Peace, and also be enjoined from instituting any other proceedings.

Second. That the deed from the plaintiff's wife to the defendant Smith may be declared null and void, and the same vacated and set aside.

Third. That the defendant, Catherine Ruhe, the wife, be enjoined from assigning and transferring the property mentioned in these proceedings.

Fourth. That a decree be passed declaring the property mentioned in these proceedings shall be held by Catherine Ruhe subject to a resulting trust in favor of and for the benefit of the plaintiff.

Fifth. And for other and further relief as the nature of the case may require.

The bill avers that on July 11, 1871, the plaintiff married the defendant, Catherine Ruhe, and that soon thereafter, with his earnings and savings, he purchased certain leasehold property situate on the east side of Montford avenue in the City of Baltimore and known as 613 South Montford avenue, subject to an annual ground rent of $13., and the property was subsequently conveyed to him by deed dated October 11th, 1876, from one John Heimer, and recorded among the Land Records of Baltimore City.

It also avers that about two years thereafter the plaintiff and his wife, considering the advisability of preserving a home in their old age for each other and for their children, mutually agreed that the title to the property should be placed in the name of his wife, and that she should hold the property for the benefit of the plaintiff; that in pursuance of this understanding and agreement had with his wife, and with that end in view, the plaintiff on the 14th of October, 1878, assigned the property unto one Wilhelm Hesker, a brother of his wife without any pecuniary consideration (although the deed sets forth a consideration of $525.), as will appear by a certified copy of the deed set out in the record.

It further charges that in consideration of this agreement and understanding, Wilhelm Hesker did, four years later, to wit, on the 25th day of July, 1882, assign and transfer this property to the plaintiff's wife, without any pecuniary consideration (although the deed sets forth a consideration of $525.).

The bill then alleges that the plaintiff, his wife and children, in pursuance of this understanding and agreement so, had, have always quietly and harmoniously occupied and peacefully enjoyed the possession of the property as their home up to about January 16th 1903, when the plaintiff's

wife, without any just or reasonable cause, left him and the home he had provided for her and family.

The bill also alleges that in pursuance of the understanding and agreement at the time of the assignments of the property from him to Hesker and from Hesker to his wife, the plaintiff has ever since and is now in possession of the property, but that since the separation the defendants, Catherine Ruhe and John E. Smith, knowingly, fraudulently and in deliberate violation of the agreement and understanding, have connived to harass the plaintiff in the quiet and peaceful possession of the dwelling, and with the evident intention and purpose of dispossessing him thereof, the defendant, Catherine Ruhe, did on the 24th day of July, 1908, for a false and pretended consideration of $5. transfer and assign unto the defendant Smith the property in dispute, which deed was recorded on the 15th day of Septemebr, 1908, among the Land Records of Baltimore City.

It further charges that the defendant Smith, in pursuance of the scheme entered into between him and his wife to dispossess him from his home and dwelling, did on the 5th day of December, 1908, after acquiring title to the property, institute before one Robert C. Rhodes, a Justice of the Peace of Baltimore City, ejectment proceedings, requiring the plaintiff to show cause on or before the 16th day of September, 1908, why he should not be dispossessed of the property, the copy of the summons in the ejectment proceedings being filed in these proceedings.

The bill then alleges that the plaintiff has no adequate remedy at law as against these defendants, and will suffer an irreparable injury unless the relief asked for is granted.

It appears that on the 27th of January, 1910, the appellants demurred to this bill and assigned the following reasons therefor:

First. That the plaintiff has not stated in his bill such a cause as entitles him to any relief in equity against these defendants or either of them.

Second. That it appears by the plaintiff's bill that there is no privity between the plaintiff and the defendants, or either of them, to enable the plaintiff to call upon the defendants, or either of them, for specific performance of the alleged agreement, or for any other relief in the premises.

Third. That it appears by said amended bill of complaint that said bill is exhibited against Catherine Ruhe and John E. Smith for several and distinct matters and causes, in many whereof, as appears by the amended bill, these defendants, or either of them, are in no way interested or concerned, and that the bill is multifarious.

There can be no doubt, it seems to us, that a Court of Equity has jurisdiction to grant the relief the plaintiff seeks upon the allegations of the bill, if they can be sustained by the necessary proof required in such cases.

We find no merit in the appellants' contention that the bill is multifarious. While there is no fixed rule applicable universally to determine what constitutes multifariousness, yet upon the authorities it is held the test must be applied to the facts of each particular case in the light of the general principles regulating singleness in pleading which forbids the blending in the same suit entirely distinct and separate matters relating to different parties. *Whitman* v. *United Surety Co.,* 110 Md. 428; *Brown* v. *Guarantee Co.,* 128 U. S. 410.

In this case there is no misjoinder of defendants or misjoinder of subject-matter. The object and purpose of the suit is single, the subject-matter is the same, and all the parties appear to have an interest in the matter in suit and are connected therewith. To support the objection of multifariousness because the bill contains different causes of suit against the same person or persons two things must concur: first, the grounds of suit must be different; second, each ground must be sufficient as stated to sustain a bill. *Brian* v. *Thomas,* 63 Md. 465; *Trego* v. *Skinner,* 42 Md. 432; *Fiery* v. *Emmert,* 36 Md. 464.

In *Wales* v. *Newbold,* 9 Mich. 45, the Court said: "When a bill is multifarious it is for the reasons either because of a misjoinder of parties complainants or defendants, or a misjoinder of distinct and separate matters of equitable cognizance between the same parties of so dissimilar a character as to render it unfit that they should be litigated in the same suit."

No such objection as was pointed out in the cited cases can be held to apply to this case. As was said in *Chew* v. *Glenn,* 82 Md. 370, each case must be governed by its own circumstances, and as they are very diversified, the Court must exercise a sound discretion on the subject.

The first and second grounds of demurrer will be considered together, and they practically present the controlling question in the case, and that is, has the plaintiff stated in his bill such a case as entitles him to the relief he seeks in Equity?

One of the reliefs sought by the fourth prayer of the bill is to the effect that a decree may be passed declaring that the property in controversy shall be held by Catherine Ruhe, the wife, subject to a resulting trust in favor of and for the benefit of the husband, the plaintiff here; and this brings us to the real and important inquiry in the case, whether the averments in the bill clearly and sufficiently set forth such facts from which the law will create a trust in favor of the husband as will be enforced in a Court of Equity.

It will not be necessary to enter upon a discussion of the law relating to the various kinds of trusts because the legal propositions applicable to a case of this character have been announced and recognized by the authorities in this State. and elsewhere.

In *Pomeroy's Equity Jurisprudence,* Vol. 3, sec. 1009, it is said: "No particular technical words need be used to create a trust, even the words 'trust or trustee' are not essential; any other words which unequivocally show an intention that the legal estate was vested in one person, but to be

held in some manner or for some person on behalf of another, if certain as to all other requisites, are sufficient."

In *Casualty Insurance Company's Case,* 82 Md. 560, this Court said, in determining whether or not a trust has been created: "Courts will not take into consideration the situation and relations of the parties, the character of the property and the purpose which the settlor had in view in making the declaration. No technical terms or expressions are needed. It is sufficient if the language used shows that the settlor intended to create a trust and clearly points out the property, the beneficiary and the disposition to be made of the property. 27 *A. and E. Ency. of Law,* 26."

In *Coyne* v. *Supreme Conclave,* 106 Md. 57, it was held, there is also a class of trusts which arise *ex maleficio,* and Equity, in order to reach the possessor of what in conscience belongs to another, turns him into a trustee. And JUDGE BURKE, in delivering the opinion of the Court, cited the following section of *Story's Equity Jurisprudence,* sec. 781, in illustration of this class of trusts: "Thus if a man in confidence of the parol promise of another to perform an intended act, should omit to make certain provisions, gifts or arrangements by will or *otherwise,* such a promise would be specifically enforced in Equity, although founded on a parol declaration creating a trust contrary to the Statute of Frauds, for it would be a fraud upon all parties to permit him to derive a benefit from his own breach of duty and obligation." *Smithsonian Institute* v. *Meech,* 169 U. S. 399.

It is also settled that property obtained by one through the fraudulent practices of a third person will be held under a constructive trust for the person defrauded, though the person receiving the benefit is innocent of collusion. If such person accepts the property he adopts the means by which it was procured, or, as LORD CHIEF JUSTICE WILMOT said: "Let the hand receiving the gift be ever so chaste, yet if it comes through a polluted channel, the obligation of restitution will follow it." 1 *Perry on Trusts,* sec. 211.

While the allegations of this bill may not be sufficient to create a resulting trust, as urged by the appellee, there can be no doubt that they are sufficiently certain and definite to gratify the requirements of law as to the creation of a valid trust that will be enforced by a Court of Equity.

Nor can there be any question, it seems to us, if the facts as alleged by the bill are established by the strictness of proof required in such cases, such a trust arises in favor of the plaintiff as a Court of Equity will grant equitable relief by holding the grantee as trustee. *A. & E. E. of Law.* sec. 1143.

It will be observed we are not here dealing with the sufficiency of proof upon bill, answer and testimony to create a trust, but simply to determine whether the averments of the bill as conceded by the demurrer are sufficiently clear and definite in statement to set up a trust for the benefit of the husband if sustained by the proper proof.

It is clear, we think, that a trust of the character we have noted may be established between husband and wife, but it is incumbent on the one who claims the existence of such a trust to establish it by clear and positive proof as required in such cases.

So, without stopping to review the averments of the bill, which have been clearly stated in the previous part of this opinion, we think the essential facts are sufficiently alleged therein to sustain a bill to create a trust in favor of the plaintiff, and if they can be sustained by proof will entitle him to the relief he seeks.

We find nothing in the other objections urged by the appellants to the plaintiff's bill that can avail them on this appeal or prevail against the relief sought by the bill, if the appellee can establish its allegations of fact by the required proof.

We desire to note, although the point was not made or suggested at the hearing, that Wilhelm Hesker, the grantee in the deed of assignment dated the 14th of October, 1878,

is a proper party to these proceedings. *Brian* v. *Thomas,* 63 Md. 465; *Trego* v. *Skinner,* 42 Md. 432.

The Court below can grant leave to the plaintiff to amend the bill within such time as it may think proper if it is deemed desirable.

For the reasons given the order of Court overruling the demurrer will be affirmed and the cause will be remanded. with leave to the plaintiff to amend, the cost to abide the suit.

*Order affirmed, with costs.*