## McLain *v.* Rabon.

Beck, J. 1. An action of ejectment was brought to recover a tract of land to which the defendant claims title under a deed made by B. E. Wilcox, executor of the will of Thomas D. Wilcox, and by prescription under that deed if it did not convey title. The plaintiff was a devisee under the will and a child of the testator. After providing for the payment of debts and for a certain special legacy, the testator devised the residuum as follows: "All the rest and residue of my property . . I give, devise, and bequeath to my executor hereinafter named [B. E. Wilcox], in trust to apply the same to use and benefit of my wife, Roxey, and my children born and to be born of her, the same to be kept together and so used until the youngest of said children born and to be born shall arrive at the age of twenty-one years or marries, or until the death or marriage of my said wife." It was further provided that if the widow should die before the youngest child became of age, the property was to be divided by the executor between the surviving children; if she should marry before the youngest became of age, the executor should equally divide it between her and the children. But if the widow survived unmarried until the youngest child became of age (and that is what actually happened), then the said property was to be equally divided between the widow and surviving children. By item 5 of the will B. E. Wilcox was made executor and given the power "to take possession of all I own, as though I were living." He was given authority to make ad-

vances to the children as they became of age, etc. *Held:* (a) That under the terms of the devise quoted above the trust created was executory, for "something remained to be done by the trustee, either to secure the property, to ascertain the objects of the trust, or to distribute according to a specified mode." Civil Code, § 3736. (b) The trustee named was trustee for the children, the remaindermen, as well as for the tenant for life or during widowhood, the will declaring that the testator gives, devises, and bequeaths the residue of his property, in which was embraced the land in controversy, "to my executor hereinafter named, in trust to apply the same to use and benefit of my wife, Roxey, and my children born and to be born of her." *Johnson* v. *Cook,* 122 *Ga.* 524 (50 S. E. 367); *Davis* v. *Hollingsworth,* 113 *Ga.* 210 (38 S. E. 827, 84 Am. St. R. 233); *Cushman* v. *Coleman,* 92 *Ga.* 772 (19 S. E. 46).

2. The trustee named, being trustee both for the children and for the tenant for life or during widowhood, was vested with the legal title in fee, and the remainders were equitable in their nature. So, under the well-established principle laid down in our decisions, if the trustee, had he brought this suit, under the facts of this case would have been defeated under a claim of prescriptive title made by the defendant, the remainderman must likewise fail in his action.

3. Had the trustee brought the suit, he would have been barred, it appearing under the agreed statement of facts that the defendant and his predecessors in title had been in open, notorious, peaceable, and adverse possession for. the statutory period necessary for the ripening of prescriptive title. Consequently the judge did not err in finding for the defendant, the case having been submitted to the court for decision without the intervention of a jury.

*Judgment affirmed. All the Justices concur, except Fish, C. J., disqualified.*

JULY 24, 1914.

Ejectment. Before Judge George. Ben Hill superior court. January 13, 1913.

*Haygood & Cutts, Akerman, Akerman & McManus, H. J. Quincey,* and *M. J. Yeomans,* for plaintiff.

*Little, Powell, Hooper & Goldstein, Elkins & Wall, L. Kennedy,* and *McDonald & Grantham,* for defendant.