WILLIAM GILMER, Appellee, v. CATHERINE GILMER, Appellant.

**TRUSTS:** Trust Created by Court Decree. A mother who, on her own application in guardianship proceedings, is granted permission to fulfill, and does fulfill, in accordance with the decree of the court, the contract of her son for the purchase of real estate (he having become insane), in order to protect the son's interest, must be held to hold the land in trust for the son by virtue of said decree, and to have no further interest in the land after the son regains his sanity and reimburses her for her outlay.

**Headnote 1:** 39 Cyc. p. 73 (Anno.)

*Appeal from Henry District Court.*—JAMES D. SMYTH, Judge.

MARCH 17, 1925.

ACTION for an accounting, and to quiet title in plaintiff. The relief prayed was granted, and defendant appeals.— *Affirmed.*

*F. S. Finley* and *McCoid & McCoid,* for appellant.

*J. V. Gray* and *W. S. Withrow,* for appellee.

ALBERT, J.—A clear idea of the matters involved can best be obtained by giving some attention to the chronology of events.

On the 12th day of June, 1908, the plaintiff herein entered into a written contract with one F. E. Kinney, for the purchase by the plaintiff of a 200-acre farm in Henry County, Iowa. For a part of the land he was to pay $60, and for another part $70, per acre. No cash was paid at the time of the making of the contract. $8,500 was to be paid on November 1st following, when plaintiff was to have a deed, and make a mortgage back

on the land for the balance of the purchase price. On October 20, 1908, the plaintiff was adjudged insane, and sent to the hospital. On the next day, P. H. O'Laughlin was appointed temporary guardian of the plaintiff; and on December 1st following, said guardianship was made permanent. On the 11th of November, 1908, Kinney, the vendor in the above contract, brought action in the district court in the guardianship proceedings against the plaintiff and his guardian, praying that the contract above specified be enforced, or that Kinney be released and the contract canceled. On December 1st following, the guardian filed answer to Kinney's petition, stating to the court that, in order to protect the full rights of his ward, he asks that the said property heretofore described be conveyed to Catherine Gilmer, subject to the contract which his ward holds on said land; that she, Catherine Gilmer, is willing to take conveyance of said land, subject to the rights of said William Gilmer as the same are set out in the said contract; that she is the mother of William Gilmer, and is willing to take the conveyance and hold it, subject to the contract of this guardian's ward, which action she believes to be for the best interest of the ward, etc.

Catherine Gilmer, the defendant herein, filed in said matter a paper referring to the application of Kinney, stating that William Gilmer is confined in the hospital for insane at Mt. Pleasant, and is unable to comply with the terms of the contract; that she is his mother; "and that said William Gilmer should have preserved for him any and all rights which he has by virtue of his contract, without any sacrifice of his financial interest." She asks that Kinney be permitted to convey the property, according to contract, to her, and states that she is financially responsible for any contract she makes, and is willing to be bound by the contract between Kinney and William Gilmer. She further asks this "in order that the rights of all parties may be protected, and she asks to be protected in her rights, when she supplies the money to pay for said land, and that she now has money to pay the whole of the purchase price."

In that proceeding an order was made, the material part of which is as follows:

"And it appearing further that Catherine Gilmer, the mother of said ward, has also joined in the application, and re-

quests that the real estate mentioned in the said application and hereinafter described be conveyed to her, subject to the rights of said ward to complete his contract for the purchase of said land, and to secure from her a conveyance of the same.''

Kinney ''is hereby directed to convey to Catherine Gilmer the described land by a good and sufficient warranty deed * * *,'' and on so doing he is held to have complied with the terms of the contract. Said order further. reads:

''It is further provided, however, that the said Catherine Gilmer by accepting said conveyance is by that act substituted in said contract relation for the said Kinney, and assumes in his stead all obligations and duties thereunder which first were assumed by said Kinney, and she shall perform fully for the benefit of said ward all the terms thereof, and make conveyance to him of said land when he shall have performed his part of said contract. But by this decree she is placed in no other relation nor made to assume any further obligations than were occupied or were assumed by Kinney when he executed for himself the said contract. The purpose of this decree and adjudication being to relieve the said Kinney wholly, and to substitute in his place the said Catherine Gilmer.''

In pursuance of this decree, Kinney made to the defendant a .warranty deed, containing this clause:

''This conveyance is made in pursuance of an order entered by the district court of Henry County, Iowa, * * * in a proceeding in the guardianship of William Gilmer, insane, wherein F. T. Kinney was the plaintiff, and William Gilmer and his guardian, P. H. O'Laughlin, were defendants. And the said Catherine Gilmer accepts the title thereto, subject to the equity of William Gilmer and the conditions of the order aforesaid.''

Upon the delivery of this deed, the defendant, Catherine Gilmer, paid Kinney the purchase price. of said land, and took possession thereof. She collected the rents, income, and profits from said land for four years following, made some improvements thereon, paid the taxes, etc. In October, 1911, plaintiff herein was married, took possession of and moved upon the land in controversy, and has occupied said land ever since that date.

On October 15, 1910, the plaintiff was discharged from the hospital as cured; and in October, 1911, the guardianship was

closed, and O'Laughlin discharged as guardian. Aside from the above matters, the material facts conceded or proved in the case show that, in 1888, the defendant, Catherine Gilmer, was appointed administratrix of her husband's estate, which at that time consisted of some personal property, and Mrs. Gilmer and her husband owned some land. The plaintiff and his brother and sisters continued to live with the mother on the home farm after the death of the father. They seem to have worked together, and accumulated property,—some additional real estate; and all remained with the mother long after they reached their majorities. The mother, as administratrix, seems never to have settled the estate of her husband, and no division of the assets of said estate was ever made between herself and children. Plaintiff claims that, at the time he entered into the contract with Kinney, he had a conversation with his mother, in which she agreed with him that he was to have $8,500 as his share of his father's estate; and that that is the amount that he contracted to pay Kinney on his contract on the first of November, 1908. There is dispute in the testimony as to the claimed agreement, and much argument is devoted to the question; but, as hereinafter explained, we do not deem the matter of materiality in reaching a conclusion herein. The mother paid the taxes on this land a part of the time. There seems to have been a companion action to this, in which the plaintiff sued the mother for an accounting, as administratrix of the father's estate, which was tried at the same time as this case; but a separate judgment was entered therein, and that phase of the matter is not now before this court.

The defendant pleads an abandonment and rescission of the contract, says that she paid for the land with money that was wholly her own, and further pleads the statute of limitations. The plaintiff sues on this set of facts, and asks an accounting between himself and mother as to this piece of land, and asks that the title be quieted in him, and for equitable relief. The lower court made an accounting, and granted the prayer of his petition.

It appears that, just before the plaintiff was adjudged insane, he was the cause of the destruction by fire of some property belonging to one Jackson, and that the mother paid out certain

money to settle the damages caused by said fire. The district court, in the accounting, did not allow her the full amount she claimed therefor, but did allow her specific amounts which she furnished satisfactory proof that she had paid out on said losses. The court also held her to account for rents, income, and profits from this farm for the four years ending in 1911. The court found that the items claimed by the plaintiff were not barred by the statute·of limitations, and that the plaintiff was not estopped, and had not waived any rights that he had under the Kinney contract. With these holdings by the court we are in accord.

Much time and attention have been given by the attorneys on either side of this case, as well as by this court, to the general question of trusts, both express and resulting, and elaborate briefs are presented on these questions; but, as explained later, many of the citations and much of the discussion are beside the real question in the case. The dominating question to be determined is what the real relationship between the plaintiff and defendant in the case was, at the time defendant took the deed from Kinney. It is quite apparent, from reading the instrument filed by the defendant in the guardianship matter, in response to Kinney's application, and the answer filed by the guardian in that matter, together with the decree entered by the court, that the very purpose and intention of the defendant herein were to take over this property and hold it for her son, to the end that he might eventually become the owner thereof. The decree or order of the court entered in that matter directed the property to be conveyed to her under these circumstances and conditions. The deed made in pursuance thereof contained a clause protecting the equities of this plaintiff. In the light of these matters, it cannot be held other than that she took this property for the benefit of her son, the plaintiff herein. While it is true that we said in *Smith v. Smith*, 179 Iowa 1365, that the presumption of ownership follows the legal title, and to overcome this the evidence must be clear, satisfactory, and unequivocal, we feel that, under this stringent rule so announced, the plaintiff is fully within the requirements of this rule. It is quite apparent that, under these circumstances, the defendant took this property to hold for her son's benefit. We deem the

matter to be in fact a trust,—not necessarily a resulting trust, or an express trust; but one designated by the law as a conventional trust, being a trust created by decree of the court, such as is referred to in *Gilbert v. Kolb*, 85 Md. 627 (37 Atl. 423). It is not necessary that the word "trust" or "trustee" be used, in order to create a trust. *Morse v. Morse*, 85 N. Y. 53; *Green v. McCord*, 30 Ind. App. 470 (66 N. E. 494); *Johnson v. Cook*, 122 Ga. 524 (50 S. E. 367); *Cahlan v. Bank of Lassen County*, 11 Cal. App. 533 (105 Pac. 765); *In re Estate of Soulard*, 141 Mo. 642 (43 S. .W. 617). It is equally true that no formal or technical words are necessary, to create a trust. *Carpenter v. Cushman*, 105 Mass. 417; *Howison v. Baird*, 145 Ala. 683 (40 So. 94); *Putnam v. Lincoln Safe Dep. Co.*, 191 N. Y. 166 (83 N. E. 789); *In re Estate of McAuley*, 184 Pa. St. 124 (39 Atl. 31); *Ruhe v. Ruhe*, 113 Md. 595 (77 Atl. 797).

Under these facts and this line of authorities, we have no hesitancy in concluding that the defendant took possession of this property for the use and benefit of the plaintiff herein; and under such conditions we conclude that the trust was created therein for his benefit, and that the district court was right in so holding.

Defendant further claims that, at the time of the taking of the deed, defendant took possession of said property and put some improvements thereon, and paid the taxes thereon; that, by reason thereof, the plaintiff herein is estopped; that the statute of limitations operated against him; and that he waived all his rights thereunder by not moving in said matter before he did. These contentions are all met by the record,—most of them by facts admitted by the defendant. About four years after the deed was made, the plaintiff did actually take possession of said property and occupy and use the same from that time hence. More than this, the evidence quite satisfactorily shows that at no time up to a very short time before this action was instituted, did the defendant ever deny plaintiff's right to said property; but, on the contrary, the evidence quite satisfactorily shows that she always recognized this property to be the property of the plaintiff, and so treated it at all times up to just prior to the commencement of this suit. With this evidence, together with the other evidence in the case, there can be no

opportunity for the application of the doctrine of estoppel, statute of limitations, or waiver. We conclude that the plaintiff was the beneficiary of a trust created by virtue of the acts of the defendant and the decree or order of the court. This being true, it of course was her duty to account to the plaintiff for her stewardship. This accounting was made by the district court, which decreed the title to the property to be in the plaintiff; barred the defendant from any rights therein; appointed a referee to make the accounting, who was to report to the court the amount found by him; and decreed that the sum thus found due to Catherine Gilmer from William Gilmer was to be paid by William Gilmer within thirty days to the clerk of the court for the defendant, and that, if it was not paid, the amount so found on motion would be established against the real estate as a judgment and a lien on the real estate.

We have carefully reviewed the record as to the complaints made by appellant with reference to the matters herein involved, and find no reason to disturb the findings, decree, and judgment entered. The cause is affirmed.—*Affirmed.*

FAVILLE, C. J., and EVANS and ARTHUR, JJ., concur.