## PHINIZY, survivor, *et al. v.* WEATHERLY *et al.*

Where a deed conveys certain described realty to a named person as trustee for A "for life, for her separate use, and on her decease to such child or children, or the representative of such child or children, the issue of the marriage of" the named trustee and of said A, "as she may leave in life, an undivided one-half interest in and to" the described lands, and in the habendum clause the deed reads as follows: "To have and to hold the above-described property to him [the named trustee] in trust for the said [A] and her children as above specified, forever, each a share or interest alike in the above-described property, with all the members, rights, and appurtenances thereto belonging, in as full and ample a manner as the said tract of land was seized, possessed, and enjoyed by [C], deceased," the intestate of the administrator who was the grantor in the deed, such deed should be construed as making B trustee both for the life-tenant and the remaindermen, as the trust created embraced both the life-estate and the remainder-estate.

No. 5633.  APRIL 13, 1927.

Complaint for land.  Before Judge Stark.  Jackson superior court.  August 9, 1926.

C. E. Weatherly and his brothers and sisters, constituting all of the children and heirs at law of John S. Weatherly and Rhoda A. Weatherly, on January 15, 1924, filed suit to recover eighty-nine acres of land described, lying in Jackson County and being a portion of a larger tract known as the "Little Jimmie Wood place" of 487 acres.  James Wood, prior to 1867, died owning and in possession of the 487 acres, and the same was administered as his property by James B. Silman, who was duly appointed and qualified as the administrator of his estate.  The administrator, in conformity with all of the requirements of law, sold the tract of 487 acres at administrator's sale, and pursuant thereto, on September 4, 1868, executed and delivered a deed the material portions of which deed are as follows:  "This indenture, made

Trusts, 39 Cyc. p. 208, n. 23; p. 233, n. 37.

this September 4, 1868, between James B. Silman, of the county
and State aforesaid, duly constituted administrator of the estate
of James Wood, deceased, of the one part, and Joseph M.
Weatherly, of the County of Clarke, State aforesaid, trustee for
Mary A. Weatherly, the wife of the said Joseph M., and John S.
Weatherly, trustee for Rhoda A. Weatherly, the wife of the said
John S., of the other part, witnesseth that whereas, by virtue of
an order granted by the court of ordinary of said county. . .
Now, the said James B. Silman, administrator as aforesaid, in
consideration of the sum of $1215.00 to him in hand paid, the
receipt whereof is hereby acknowledged, has granted, bargained,
sold, and conveyed, and by these presents does grant, bargain, sell,
and convey, so far as the office of the administrator authorizes
him, unto Joseph M. Weatherly, for the use, benefit, and ad-
vantage in trust for said Mary A. Weatherly for life, for her
separate use, and on her decease to such child or children or
representative of such child or children, the issue of the marriage
of the said Joseph M. and Mary A. as she may leave in life, and
unto John S. Weatherly, for the use, benefit, and advantage in
trust for said Rhoda A. Weatherly for life, for her separate use,
and on her decease to such child or children, or the representative of
such child or children, the issue of the marriage of the said John
S. and Rhoda A. as she may leave in life, each an undivided half
interest in and to a tract of land [describing it]. To have and
to hold the above-described property, to him the said Joseph M.
Weatherly in trust for said Mary A. Weatherly and her children,
and to him the said John S. Weatherly in trust for said Rhoda
A. Weatherly and her children, as above specified, forever, each a
share or interest alike in the above-described property, with all
the members, rights, appurtenances, thereto belonging or in any-
wise appertaining, in as full and ample a manner as said tract of
land was seized, possessed, and enjoyed by the said James Wood,
deceased, in his lifetime."

The trustees entered into possession of the lands together with
their respective wives who were the beneficiaries of the trust
estate. Afterwards the tract of 487 acres was divided by agree-
ment, and without court order, between the trustees and their
respective wives, each of the trustees and their respective bene-
ficiaries of the trust estates taking a half portion of the 487

acres thus divided, subject to the same uses and trusts as were set forth in the administrator's deed aforesaid, thus giving to each trustee and beneficiary a separate portion of the land in lieu of an undivided half interest in the larger tract. The parcel of 89 acres for which the plaintiffs brought suit is a part of the 487 acres which was partitioned to John S. Weatherly as trustee and his wife. John S. Weatherly, the father of the plaintiffs, died on April 28, 1903, and thereafter the trust estate was unrepresented. Their mother lived until December 27, 1922. W. A. Weatherly, a brother of John S. Weatherly, took possession of the 89 acres in suit, and on April 14, 1881, executed a deed thereto to R. L. Moss and John J. Thomas as security for debt, which deed was recorded on January 10, 1882. On September 13, 1886, W. A. Weatherly made an absolute conveyance of the 89 acres to Moss and Thomas, which was not recorded until February 14, 1925, after this litigation had begun. Moss and Thomas entered into possession of the tract under their deed, and in 1888 Thomas quitclaimed his interest in the land to Moss, who, on December 21, 1906, conveyed it to L. F. Sell by warranty deed recorded November 26, 1909. Sell took possession and so remained until his adjudication in bankruptcy in 1923, when his trustee in bankruptcy sold the land to Hardman & Phinizy.

The plaintiffs based their right to recover on the trust deed, as remaindermen after the death of the life-tenant, Mrs. Rhoda A. Weatherly, and contended that they had no rights that could be asserted during her lifetime. Two of the plaintiffs were born before the execution of the deed in question; the others were born afterward. The defense was that a prescriptive title had ripened in favor of the defendants, by color of title and possession thereunder for more than seven years; and also by adverse possession for more than twenty years, upon the proposition that the trustee, John S. Weatherly as trustee, represented not only the life-tenant but the remaindermen, and that the possession of W. A. Weatherly, Moss, Thomas, Sell, and others was adverse to the life-estate and to the remainder interests of the plaintiffs. The court, to whom the case was submitted without the intervention of a jury, rendered judgment in favor of the plaintiffs, and the defendants excepted.

*Shackelford, Shackelford & Davis, Green & Michael,* and *Erwin, Erwin & Nix,* for plaintiffs in error. *G. A. Johns,* contra.

BECK, P. J. (After stating the foregoing facts.) The controlling question in this case is, whether or not, under the proper construction of the deed executed by James B. Silman, the administrator of the estate of James Wood, to Joseph M. Weatherly and John S. Weatherly as trustees, the material portions of which are set forth in the statement of facts, John S. Weatherly was trustee merely for his wife, the life-tenant, or whether he was trustee both for the life-tenant and the remaindermen. If the trust embraced both the life-estate and the remainder estate, then the plaintiffs were not entitled to recover, because the grantees under the deed of conveyance from W. A. Weatherly to Moss and Thomas and their successors in title were in open, notorious, and continued possession under a claim of title of the land sued for for more than the statutory period necessary to the ripening of a good prescriptive title. *McLain* v. *Rabon,* 142 *Ga.* 163 (82 S. E. 544); *Wingfield* v. *Virgin,* 51 *Ga.* 139. In the *Wingfield* case it was said: "In *Ladd & Wilson* v. *Jackson,* 43 *Ga.* 288, this court held that the statute did not run against the minor children in that case, because the legal title to the land was vested in them. The distinction is this: when the legal title to the property is vested in a trustee who can sue for it, and fails to do so within the time prescribed by law, and his right of action is barred, the infant cestui que trusts, who have only an equitable interest in the property, will be also barred; but when the legal title to the property is vested in the infants, or cast upon them by operation of law, then the statute does not run against them during their infancy." It is unnecessary to cite other cases; the principle announced is well settled. But the statement of this principle brings out clearly what is said above, that the controlling question is whether John S. Weatherly was trustee both for the life-tenant and the remaindermen; and that question seems to be settled by decisions of this court made in the constructions of deeds of conveyance which do not, in the respect now under consideration, materially vary from the deed before us for construction. The language in part in the granting clause of the deed is as follows: "James B. Silman, administrator as aforesaid, in consideration of the sum of," etc., "has granted, . . and sold, and by these presents does grant, . . sell," etc., "unto John S. Weatherly for the use, benefit, and advantage in trust for said Rhoda A. Weatherly

for life, for her separate use, and on her decease to such child or children, or the representative of her child or children, the issue of the marriage of the said John S. and Rhoda A., as she may leave in life, . . an undivided half interest in and to a tract of land," etc. And in the habendum clause is this language: "To have and to hold the above-described property . . to him, the said John S. Weatherly, in trust for said Rhoda A. Weatherly and her children as above specified, forever, each a share or interest alike in the above-described property, with all the members, rights, and appurtenances thereto belonging, in as full and ample a manner as the said tract of land was seized, possessed, and enjoyed by the said James Wood, deceased, in his lifetime." In *Seaboard Air-Line Railway* v. *Simmerville,* 142 *Ga.* 317 (82 S. E. 890), the deed under construction conveyed certain lands to Oliver R. Simmerville "for the use and advantage in trust for said Mary Simmerville for life (exempt from marital rights of said William I. Simmerville or any future husband which the said Mary Simmerville may have), for her sole and separate use, and on her decease to such child or children, or representative of children, as she may leave in life, and the same to be equally divided between said children or representatives of children [certain described realty]. To have and to hold the above-described property to him, the said Oliver R. Simmerville, in trust for the said Mary Simmerville and her children as above specified, forever, free from the debts, liabilities, obligations, or control of the present or any future husband of the said Mary Simmerville." It was held in that case that the trust created by this deed was for the remainder estate only, that the remainder estate was a legal remainder, and, the estate in remainder being a legal one, that the trustee did not represent the remaindermen, and that possession of a part of the land conveyed by the trust deed could not ripen into a prescriptive title as against the remaindermen until after the lapse of the statutory period from the death of the life-tenant. That ruling was based upon the rulings in the cases of *Smith* v. *McWhorter,* 123 *Ga.* 287 (51 S. E. 474, 107 Am. St. R. 85) , and *Overstreet* v. *Sullivan,* 113 *Ga.* 891 (39 S. E. 431). All the Justices of this court concurred in the judgment in the *Simmerville* case, supra, but four of the Justices stated in their special concurrence that they concurred in the judgment because they were bound by one

or more former decisions of this court—that is, the *Smith* and *Overstreet* cases referred to above. But they added, in the conclusion of their special concurrence, that, "as an original proposition, it might be well doubted whether, under the rule in this State providing for the construction of a deed in its entirety so as to harmonize all parts of it if practicable, a conveyance which declares that a trustee shall have and hold the property in trust for a married woman and her children could be declared not to create any trust for the children." Subsequently this doubt ripened into a conviction that the *Smith* and *Overstreet* cases should be reviewed and overruled; and in *Watts* v. *Boothe,* 148 *Ga.* 376 (96 S. E. 863), the rulings in the cases of *Smith* v. *Mc-Whorter, Overstreet* v. *Sullivan,* and *Seaboard Air-Line Ry.* v. *Simmerville* were overruled in so far as they held that the trust in each case embraced only the life-estate and not the remainder. The decision in the case of *Watts* v. *Boothe* wiped out the rulings in those cases in so far as they held that the estate in remainder in each was a legal remainder and not comprehended in the trust. And the principle recognized in the *Watts* case has been subsequently applied and held to be the law. It was followed in the case of *Burton* v. *Patton,* 162 *Ga.* 610 (134 S. E. 603), where it was held: "Where a testator devises certain described realty to a named person as trustee for A 'during her natural life, and after her death to her children then in life, and representatives of any children who may have died leaving children, the children of deceased child or children taking their father's or mother's share,' the terms of the devise are broad enough to embrace the fee in the premises described; and this fee being carved up into an estate for life in favor of one beneficiary and remainders in behalf of the other beneficiaries, who are uncertain and unascertained, the will should be construed as clothing the trustee with full title, and the title as to the remainders should be considered as abiding in the named trustee so long, at least, as the identical persons who are to take and enjoy it are not ascertainable. Up to that time the trust is executory, and the remainder is an equitable, not a legal, estate."

It follows from what we have said that a different construction of the deed in question here is required from that given it by the

trial court, and consequently that the decision of the lower court must be reversed.

*Judgment reversed. All the Justices concur.*