SIDES *v.* SHEWMAKER *et al.*

No. 12954.  September 14, 1939.

*H. J. McBride,* and *Elijah A. Brown,* for plaintiff.

*Crenshaw, Hansell & Gunby,* and *John H. Boman Jr.,* for defendants.

Jenkins, Justice.  Rose Hertlein Sides filed a petition against Trust Company of Georgia, as executor and trustee of the will of her deceased husband, and Luella Shewmaker, a minor legatee, for construction of the will and other equitable relief.  Item 4, the residuary clause in question, was as follows: "All the residue of my property, of whatever character, real or personal, whether now owned or hereafter acquired, and including any lapsed ·legacy or devise of personalty or realty, I will to Trust Company of Georgia, a Georgia corporation with an office in Atlanta, as trustee, in trust, however, for the following uses:  A.  The trustee shall pay to my wife during her natural life or widowhood the entire net income from the trust estate, to be used as she in her sole discretion deems best for the support and maintenance of herself.  If the net income is insufficient, in the uncontrolled discretion of my trustee, to suitably provide for my wife, then my trustee shall encroach upon the corpus of the trust to such an extent and so often as may be necessary in its opinion to provide ample funds for such purposes.  B. Upon the death of my wife all of the income from my property, whether real or personal, shall go to Luella Shewmaker (now 17 years of age) of 5541 South Winchester Avenue, Cook County, Chicago, Illinois, to be used as she sees fit, until she reaches 21 years of age.  When the said Luella Shewmaker reaches her majority, all of my property, principal and interest, shall be con-

veyed to her in fee-simple." Additional facts are sufficiently indicated hereinafter.

■ In this petition by the widow of a testator, against the executor and a minor legatee under the will, for a construction of its provisions relating to such legacy, there is no merit in the contentions of the widow that the legacy never legally became effective; or that the language should be construed as meaning that it should take effect only if the widow predeceased the testator; or that it should be construed as taking effect only if the widow should die or remarry before the legatee reached the age of twenty-one.

■ Under express authority of the Code, § 108-114, "trust estates may be created for the benefit of any minor." A valid trust may thus be created in favor of a minor, not only where the trustee takes the legal title for him in fee simple, but where the trustee takes it in trust for a life-tenant who is sui juris, with remainder over in fee to the minor. In such a case the trust embraces both estates, where it is created for both, and the trustee is empowered to act and manage the property for both. *Phinizy* v. *Weatherly*, 164 *Ga.* 71 (137 S. E. 782); *Sargent* v. *Burdett*, 96. *Ga.* 111, 117 (22 S. E. 667); *Clark* v. *Baker*, 186 *Ga.* 65, 71, 72 (196 S. E. 750); *DeVaughn* v. *McLeroy*, 82 *Ga.* 687, 696 (10 S. E. 211); *Smith* v. *McWhorter*, 123 *Ga.* 287, 291 (51 S. E. 474, 107 Am. St. R. 85); *Johnson* v. *Cook*, 122 *Ga.* 524 (50 S. E. 367); Redfearn on Wills & Administration (rev. ed.), 322, § 186. See, as to the general rule where the trust instrument "does not in terms provide for any duties to be discharged by the trustee" for the benefit of the minor during his minority, *Turner* v. *Barber*, 131 *Ga.* 444 (2), 446 (62 S. E. 587), and cit.

■ Under the preceding holdings, the court properly construed the residuary clause of the will in question as creating a valid. executory trust, with legal title in the trust company, executor, as trustee, and direction to pay to the widow for her support the income of the trust during her life and widowhood, and with the right in its discretion to encroach upon the corpus if the income should prove insufficient; and as intended to mean that, upon the death or remarriage of the widow, the trustee should pay to the minor legatee (she being nineteen years of age at the time of the hearing) all the income from the trust property remaining in its hands, until the minor attained the age of twenty-one; that the

trustee should then convey and deliver to such legatee the entire remaining corpus; and that if at the time of the death or re-marriage of the widow the minor had already reached the age of twenty-one, the trustee should deliver to her immediately the remaining trust estate.

(*a*) The legatee cestui que trust continuing her minority to the date of the hearing, the court did not err in declining to pass on the question whether the trust would become executed if the remainderman should become of age during the life or widowhood of the life-tenant, since no such state of facts or question would arise unless and until that contingency happened.

(*b*) Nor is any question here involved as to whether and under what conditions the trust here created in favor of the minor remainderman might have been valid if she had been sui juris. See *Sinnott* v. *Moore,* 113 *Ga.* 908 (39 S. E. 415).

*Judgment affirmed. All the Justices concur, except Atkinson, P. J., disqualified.*